JANE VIRGINIA ANDREWS PHILBRICK, INDIVIDUALLY AND AS ADMINISTRATRIX, C. T. A. OF THE ESTATE OF WILLIAM J. ANDREWS, DECEASED, AND MARTHA ANDREWS WING v. AUGUSTA ANDREWS YOUNG.

(Filed 29 November, 1961.)

**1. Judgments § 6—**

A court has the power upon a proper showing to correct its record and supply an inadvertent omission. G.S. 2-16(9).

**2. Wills § 8; Public Officers § 8—**

It is the duty of the clerk of the Superior Court in discharge of the statutory requirements to keep books in which wills and the proof thereof are recorded, G.S. 2-24(11), to record the dissent of the widow when filed, and when he records such dissent with the will there is a presumption that the instrument was the act of the widow, and done within the time and in the manner required by law.

**3. Wills § 60; Evidence § 11—**

Where the act of the widow's execution of dissent to the will and the delivery of such dissent by her to the court is established by evidence, an interested party may testify, after the death of the widow, as to the time she saw the widow file the dissent in the clerk's office, the testimony being offered not for the purpose of proving the widow's execution of the dissent but only to establish that the act was done within the time allowed. G.S. 8-51.

APPEAL by respondent Augusta Andrews Young from *Sharp, S.J.,* February 1961 Special Civil Term of WAKE.

Petitioners Philbrick and Wing, in August 1960, filed a petition with the clerk of the Superior Court alleging: Petitioners and respondent were the heirs at law of William J. Andrews, who died in 1943. He devised all of his property to his widow Augusta, who was also named

as executrix. She refused to qualify. The will was probated on motion of petitioner Philbrick, who qualified as administratrix c.t.a. The widow, now dead, filed her dissent when the will was probated or shortly thereafter. The records of the court do not show that the written dissent was the act of the widow or the date when it was filed. Petitioners pray that the court records be amended and corrected to declare the genuineness of the paper and the date of filing.

Respondent denied the paper appearing of record and in the files of the court was the act of the widow or, if her act, that the dissent was filed within six months from probate of the will.

The clerk, upon the evidence offered, found Mrs. Andrews, the devisee, "appeared in person before the Clerk of the Superior Court of Wake County on April 20, 1943, entered her written Dissent to the Will of William J. Andrews, and the Dissent was duly filed in said office on April 20, 1943." He further found: "The then Clerk . . . inadvertently failed to enter upon the original Dissent the date of filing and to show by whom it was filed." Based on these findings he ordered that the records be amended *nunc pro tunc* to speak the truth. Respondent excepted and appealed to the Superior Court. Judge Sharp reviewed the evidence. She affirmed the clerk's findings and the judgment based thereon. Respondent excepted and appealed.

*Mordecai, Mills & Parker for petitioner appellees.*
*Armistead J. Maupin for respondent appellant.*

RODMAN, J.  The power of a court upon a proper showing to correct its records and supply an inadvertent omission cannot be doubted. G.S. 2-16(9) ; *Trust Co. v. Toms,* 244 N.C. 645, 94 S.E. 2d 806; *S. v. Cannon,* 244 N.C. 399, 94 S.E. 2d 339; *Foster v. Woodfin,* 65 N.C. 29.

Appellant recognizes the power of the court to correct its records. Her challenge to the judgment is based on the assertion that there is no competent evidence to support the court's findings.

Our statute law as it existed in 1943 (G.S. 30-1) provided: "Every widow may dissent from her husband's will before the clerk of the superior court of the county in which such will is proved, at any time within six months after probate. The dissent may be in person, or by attorney authorized in writing, executed by the widow and attested by at least one witness and duly proved. The dissent, whether in person or by attorney, shall be filed as a record of court."

To support their allegations petitioners offered in evidence the court jacket containing the original will to which was attached the proof and order of the clerk dated 20 April 1943 establishing the paper writing as the will of William J. Andrews. In the jacket with the will and

probate was a paper writing purportedly signed by the widow. This paper is sufficient in form to comply with the statute permitting a widow to dissent. Petitioners offered will book P, p. 121. There the will, the evidence taken by the clerk to establish it as such, and the order of probate are recorded. Below these the paper purporting to be Mrs. Andrews' dissent is recorded. Page 121 of the will book is devoted exclusively to matters relating to the will of Mr. Andrews.

Clerks of the Superior Court are required by statute to keep books in which wills and the proof thereof must be recorded, G.S. 2-42(11). Subsection 19 requires the clerk to keep a cross-index showing the parties interested in the estate of the testator.

While the statute merely requires the filing of the dissent, it is, we think, the duty of the clerk to record the dissent when filed. Here the clerk did so. This recording created the presumption that the instrument was the act of the widow done in the time and manner required by law. *Jones v. Saunders,* 254 N.C. 644, 119 S.E. 2d 789; *Freeman v. Morrison,* 214 N.C. 240, 199 S.E. 12; *Poplin v. Hatley,* 170 N.C. 163, 86 S.E. 1028. But petitioners were not content to rely upon the presumption which arose by the recordation of the dissent. They offered the testimony of a court employee. She testified: "I have an independent recollection of a dissent being filed in this estate. . . . I remember that Mrs. Andrews came into the office and I not being able to sign it I took it up to Mr. Mordecai's office and it was completed there. . . . I do not know when it was. It wasn't too long after the Will was put on record, though. . . . Mrs. Andrews signed the dissent. I did not have to sign it. . . . I had to take it up to Mr. Mordecai for his advice as to just what to do with it." Mr. Mordecai, referred to by the witness, was the clerk in 1943.

Mr. Smith, attorney for Mrs. Andrews, testified that Mrs. Andrews acted on his advice in dissenting from the will. She was a creditor of her husband's estate. The debt owing her was secured by mortgages or deeds of trust on certain of his real estate. Other creditors had taken judgments against him and these had been docketed, but they were subsequent to the registration of the mortgage. Mr. Smith testified that he feared a failure to dissent might constitute an election by the widow to take under the will and a waiver of her right as a mortgage creditor, thereby subordinating her rights to the rights of the judgment creditors. This witness was unable to fix the date when the dissent was filed, but he identified a mortgage or deed of trust securing Mrs. Andrews which might be subordinated to the claims of judgment creditors if she did not dissent. This deed of trust, by marginal entry, showed foreclosure and a conveyance of the property there described to the widow on 16 July 1943. The foregoing evidence was sufficient to

support the finding that the dissent was genuine and the factual inference that the dissent was filed within six months from the probate of the will.

Petitioner Philbrick testified specifically to the date when the dissent was filed. She said that she went to the office of the clerk to qualify as administratrix c.t.a. and to offer the will for probate. The record shows this was 20 April 1943. Her mother went with her to the office of the clerk. The witness then, over the objection of respondent, testified that she saw her mother on that date file the dissent in the clerk's office. Respondent insists the evidence was incompetent because prohibited by G.S. 8-51. This witness was not offered for the purpose of proving Mrs. Andrews' execution of the dissent. That fact and the fact of delivery by Mrs. Andrews to the court had been established by other evidence. Mrs. Philbrick's testimony was offered to fix the time when the act was done. It was competent for that purpose. *Abernathy v. Skidmore,* 190 N.C. 66, 128 S.E. 475; *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863; *Wilder v. Medlin,* 215 N.C. 542, 2 S.E. 2d 549; *In re Mann,* 192 N.C. 248, 134 S.E. 649; *Johnson v. Cameron,* 136 N.C. 243.

Affirmed.