IN RE DISCHARGE OF ROBERT C. BURRIS BY THE CITY MANAGER, THE CIVIL SERVICE COMMISSION AND THE CITY COUNCIL OF THE CITY OF ASHEVILLE.

(Filed 18 March 1964.)

**1. Administrative Law § 4; Municipal Corporations § 9—**

The discharge of a municipal employee by the Civil Service Board in accordance with the procedure outlined in Chapter 757, Session Laws of 1953, is in the exercise of a quasi-judicial function and is reviewable in Superior Court upon a writ of *certiorari.*

**2. Appeal and Error § 49—**

In the absence of an exception to the findings of fact by an administrative board it will be presumed that the findings are supported by competent evidence, but nevertheless an appeal constitutes an exception to the judgment and presents the question whether the facts found are sufficient to support the judgment.

**3. Administrative Law § 4; Municipal Corporations § 9—**

On the hearing of a writ of *certiorari* used as a substitute for appeal from order of a municipal Civil Service Board discharging a municipal employee for conflict of interest, the findings of fact of the administrative board are conclusive when supported by the evidence, but the Superior Court has the jurisdiction and duty to determine whether the facts found are sufficient under the law and the regulations of the board to constitute a valid cause for discharge. G.S. 1-269.

APPEAL by petitioner Robert C. Burris from *McLean, J.,* 23 September 1963 Regular Session of BUNCOMBE.

The petitioner was discharged from his position with the Tax Department of the City of Asheville on 5 July 1963. The petitioner was notified of his discharge by a letter from the City Manager, and the reason for the discharge was assigned as being a conflict of interest arising from the petitioner's acquisition of an interest in real property which the City of Asheville was interested in buying for use in connection with ingress and egress to its municipal airport.

At the time of his discharge, the petitioner was a member of the classified service of the City under an enactment of the General Assembly creating the Department of Civil Service for the City of Asheville, consisting of a Director of Civil Service and a Board of Civil Service comprised of the Director and four additional members, being Session Laws of 1953, Chapter 757. Pursuant to the provisions of this Act, petitioner appealed to the Civil Service Board. The Board held a hearing at which oral testimony and documentary evidence was introduced. The Board, among other things, found as a fact:

"That sometime prior to the present year the employee and his wife procured some eight deeds signed by some forty persons purporting to convey to them an interest in the land on which is constructed a church building commonly known as the 'Boiling Springs Baptist Church.' It appears that the original deed to the Trustees of said church contained a provision to the effect that when the property ceased to be used for a church or school purposes the title to such property would revert to the original owners or their heirs.

"The City of Asheville at the time said deeds were executed intended and still intends to acquire the said church property because it is clearly a hazard to the entrance to the City Airport, and that it is needed for public convenience and necessity so that the airport may properly function. Said property is situated adjacent to the Asheville Airport, but lying in Henderson County."

Whereupon, the Civil Service Board made the following recommendation:

"This Board, after considering all the evidence and argument of counsel, concludes that the efforts of the employee to acquire the church property hereinbefore mentioned were in direct conflict with the interests of the City of Asheville and appear to be for the personal advantage of the employee. We recommend that the action of the City Manager in discharging the employee be approved."

The petitioner requested the City Council to disapprove the findings and recommendation of the Civil Service Board. The City Coun-

cil, after giving the petitioner a full hearing, voted unanimously to approve the findings of fact and recommendation of the Civil Service Board.

This proceeding was brought up for review in the Superior Court of Buncombe County on a writ of *certiorari* issued by the Resident Judge of the Twenty-eighth Judicial District.

The court below being of the opinion it was without authority to review the findings of fact of the Civil Service Board or of the City Council, and that both findings tendered by the petitioner show agreement that the procedure required by law as set forth in Chapter 757 of the 1953 Session Laws of North Carolina, have been complied with, dismissed the proceeding.

The petitioner appeals, assigning error.

*W. M. Styles for petitioner appellant.*
*O. E. Starnes, Jr., for City of Asheville, respondent appellee.*
*William J. Cocke for Civil Service Board, respondent appellee.*

DENNY, C.J.  Section 14 of Chapter 757 of the Session Laws of 1953 provides, among other things, that any employee in the classified service of the City of Asheville may be laid off, suspended or removed from employment, either by the City Manager or by the officer by whom appointed. An employee, when laid off or discharged, may, within five days of the time he received notice of his discharge, demand a written statement of the reasons therefor. Upon such demand, the officer who discharged the employee shall supply the person discharged and the Civil Service Board with a written statement of the reasons for such discharge. Thereupon, the Board shall fix a time and place for a public hearing. At such hearing, the testimony shall be reduced to writing. The Board shall make a written report of its findings and recommendations and this report, together with the evidence and the charges, shall be filed with the City Clerk and be open to public inspection. Within five days after the filing of the report of the Board with the City Clerk, the City Manager or the employee affected, may request the City Council to approve or disapprove the report. "In the absence of any such request, the report shall be final and conclusive at the expiration of said five day period. Otherwise, the City Council shall, at a regular session, vote on the approval or disapproval of the same. It shall require the affirmative votes of five members of the Council to disapprove the report. Lacking such five votes, the report shall be approved. In either event, the action of the City Council is final."

It is said in McQuillin, Municipal Corporations, section 12.267, page 397, et seq.: "In most jurisdictions *certiorari* to review removal proceedings is sanctioned. The general rule is that if the act of removal is executive it is not reviewable on *certiorari*, but if it is on a hearing and formal findings, it is so reviewable. Stated in another way, the writ may be invoked only to review acts which are clearly judicial or *quasi*-judicial. * * * *Certiorari* has also been denied where appeal is allowed, but a statute forbidding appeals in removal proceedings does not preclude resort to the remedy. * * *

"On *certiorari* the probative force and sufficiency of the evidence to sustain the charge of removal will not be reviewed. The province of the court is to enforce substantial observance of the law; it is not to pass upon the merits * * *."

Rhyne, Municipal Law, section 8-39, at page 182, states: "Although boards and commissions authorized to dismiss or demote personnel are not courts, they exercise *quasi*-judicial functions and generally follow judicial procedures."

Of the scope of review by *certiorari* Rhyne says, in section 8-41, at page 187: "*Certiorari* or a statutory appeal in the nature of *certiorari*, is available in many jurisdictions to test the validity of a removal. In such cases, the decision of removal will be upheld if the administrative body had jurisdiction, its findings are supported by competent evidence, and it has otherwise acted legally."

In the case of *Russ v. Bd. of Education*, 232 N.C. 128, 59 S.E. 2d 589, Ervin, J., speaking for the Court, said: "G.S. 1-269 expressly stipulates that 'writs of *certiorari* * * * are authorized as heretofore in use.' It is well settled in this jurisdiction that *certiorari* is the appropriate process to review the proceedings of inferior courts and of bodies and officers exercising judicial or *quasi*-judicial functions in cases where no appeal is provided by law," citing numerous authorities.

In view of the provisions of the statute creating the Civil Service Board of the City of Asheville, and the procedure outlined in Section 14 thereof, we hold that a hearing pursuant to the provisions of the Act with respect to the discharge of a classified employee of the City of Asheville by said Civil Service Board, is a *quasi*-judicial function and is reviewable upon a writ of *certiorari* issued from the Superior Court. *Russ v. Bd. of Education, supra; Warren v. Maxwell*, 223 N.C. 604, 27 S.E. 2d 721, and cited cases.

The regulations adopted by the Civil Service Board are not included in the record on appeal. Likewise, the testimony offered at the hearing before the Civil Service Board is not brought forward in the record. Nor were any exceptions taken to the findings of fact or to the

recommendation of said Board. Therefore, it must be presumed that the findings of fact are supported by competent evidence. *Steadman v. Pinetops,* 251 N.C. 509, 112 S.E. 2d 102; *Goldsboro v. R. R.,* 246 N.C. 101, 97 S.E. 2d 486; *Carter v. Carter,* 232 N.C. 614, 61 S.E. 2d 711; *Hughes v. Oliver,* 228 N.C. 680, 47 S.E. 2d 6; *Roach v. Pritchett,* 228 N.C. 747, 47 S.E. 2d 20; *Radeker v. Royal Pines Park, Inc.,* 207 N.C. 209, 176 S.E. 285.

Ordinarily, an appeal constitutes an exception to the judgment and presents the question whether the facts found are sufficient to support the judgment, i.e., whether the court correctly applied the law to the facts found. *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223; *Gibson v. Insurance Co.,* 232 N.C. 712, 62 S.E. 2d 320; *Roach v. Pritchett, supra,* and cited cases.

Since the writ of *certiorari* issued in this proceeding was used as a substitute for appeal, as provided in G.S. 1-269, and the petitioner in his petition for the writ challenged the legality of his discharge pursuant to the Act creating the Civil Service Board and the regulations made pursuant thereto, in our opinion, while the court below was bound by the facts found by the Civil Service Board and approved by the City Council, the petitioner was entitled to have the court pass upon the question whether or not the facts found are sufficient under the law and the regulations of the Civil Service Board to constitute a valid cause for the petitioner's discharge.

The order dismissing this proceeding is set aside and the cause remanded for further hearing not inconsistent with this opinion.

Error and remanded.

BOBBITT, J., dissents.