P. M. BRATCHER, PETITIONER, v. CARMI E. WINTERS, ELLIOTT A. BENNETT AND D. M. PARKER, JR., CONSTITUTING THE CIVIL SERVICE BOARD OF THE CITY OF NEW BERN, A MUNICIPAL CORPORATION, RESPONDENTS.

(Filed 22 March, 1967.)

1. Administrative Law § 4—

Certiorari will lie to review the act of a governmental agency in removing a public officer or. employee when such removal must be based upon an order entered after a hearing at which the respondent is given an opportunity to be heard, since in such event 'the ouster is judicial or

quasi-judicial in nature; but if the removal is an executive act, the order of removal is not reviewable by the courts.

**2. Same; Municipal Corporations § 9—**

Order of the chief of police of a municipality reducing a police captain to the grade of patrolman is an executive order and not reviewable by the courts.

**3. Same—**

Order of the civil service board of a municipality dismissing a policeman from the police department on a hearing upon written charges is entered in the exercise of a quasi-judicial function and is reviewable by *certiorari*. G.S. 1-269.

**4. Municipal Corporations § 9—**

A valid rule or regulation governing the police force must be proven in order to support the dismissal of a policeman for the violation of one of such rules, and when the record fails to show that the rules had been approved by the board of aldermen and the city manager as required by the general municipal ordinances, order of the municipal civil service board dismissing a policeman is properly vacated.

**5. Same—**

Where order of a civil service board dismissing a policeman is entered in the exercise of a judicial or quasi-judicial function, a dismissed employee is entitled, upon demand, to a record which discloses at least the substance of the evidence introduced to support the charges against him as a basis of his right to review by *certiorari*.

APPEAL by Petitioner, P. M. Bratcher, and by Respondent, Civil Service Board of New Bern, from the judgment entered December 14, 1966 by *Mintz, J.*, regularly holding the courts of the Third Judicial District.

This proceeding originated by petition for *certiorari* filed by P. M. Bratcher asking the Court to review: (1) the order entered on October 11, 1966 by the Chief of Police of New Bern demoting Petitioner from Captain of Detectives to uniform patrolman; and (2) the order entered December 2, 1966 by the Civil Service Board of New Bern upholding the written charges filed against Petitioner and dismissing him from the Police Department.

The petition for the review and the Respondent's answer thereto disclosed that the Petitioner became a member of the New Bern Police Department in 1946. On October 11, 1966, Chief of Police H. R. Franks delivered to Petitioner the following notice:

"The above actions (citing conclusions resulting from the Chief's investigation) make it obvious that you are unqualified to hold the rank of Captain; therefore, as Chief of Police, I am taking

action and reducing you to the grade of Patrolman and trans-
ferring you to the Uniform Division; effective, this date.

*    *    *

Any repetition of above actions shall result in further disci-
plinary action."

Thereafter on November 7, 1966 the Chief of Police delivered
to Petitioner a further notice charging the violation of Paragraphs
1 to 7, inclusive, of "General Order No. 7 of the General Rules gov-
erning conduct and procedures of the New Bern Police Department
promulgated on December 30, 1958. . . ." The Petitioner was
thereupon ordered suspended from the Police Department.

The Petitioner, in writing, demanded that the Civil Service
Board, in a public hearing, inquire into the charges filed against
him, that a transcript of the proceedings be made. The Board de-
nied a public hearing and refused to have a stenographer's report
made of the hearing. The Petitioner offered to provide the transcript
at his own expense. This offer the Board declined. The Clerk of the
Board kept sketchy minutes of the proceedings. At the conclusion
of the hearing, without finding any facts, the Board entered the
following order: "The Civil Service Board finds the evidence suffi-
cient to uphold the charges and orders P. M. Bratcher discharged
from the Police Department of the City of New Bern."

After hearing and pursuant to the writ of *certiorari* and the Re-
spondent's answer thereto, Judge Mintz entered this order:

"The matter of the hearing on the return of the Respondents to
the Writ of *Certiorari* duly issued herein, came on regularly for
hearing before the undersigned Rudolph I. Mintz, Judge as-
signed to preside and presiding over the courts of the Third
Judicial District, at Greenville, North Carolina, on the 14th
day of December, 1966, at 5:00 o'clock P.M., after a contin-
uance from the time set for hearing in the Writ at the request
of counsel for the Respondents and with the consent of counsel
for the Petitioner, the Petitioner appearing with his counsel of
record and the Civil Service Board of the City of New Bern
appearing with its counsel of record;

And the court having duly considered the return to the Writ
and the record of the proceedings of the Civil Service Board
of the City of New Bern certified to the court, and it appearing
therefrom that said record does not include any testimony or
findings of fact upon which the order for the dismissal of the
Petitioner was made, and it having been stipulated in open
court by counsel for all parties that the Charter and General

ordinances of the City of New Bern as brought forward, amended and adopted by the City of New Bern, should constitute a part of the record.

THE COURT FINDS:

(1)   That the written charges or complaint filed by the Chief of Police of the City of New Bern against the Petitioner specifically charged that he had violated certain enumerated paragraphs of General Order No. 7 of the General Rules of the New Bern Police Department;

(2)   That the aforesaid Rules have not been adopted by the Police Department of the City of New Bern upon the appproval of the Board of Aldermen and the City Manager, as required by Section 3 of Chapter B of the General Ordinances and Chapter F of the Charter of the City of New Bern, and the said complaint against the Petitioner was solely founded upon an alleged violation of such Rules;

(3)   That the Civil Service Board of the City of New Bern was without authority or jurisdiction to order the dismissal of the Petitioner for any violation of such regulations which had not been adopted in accordance with the Ordinances and Charter of the City of New Bern;

(4)   That by reason of the foregoing, the Court finds that it is not necessary to consider the other exceptions of the Petitioner as set forth in his Petition relating to his demotion, the denial of a public hearing by the Civil Service Board of the City of New Bern, the failure of said Board to make any record of the testimony at the hearing, the consideration by said Board of statements and matters not considered at the hearing, the failure of the Board to make any findings of fact upon which it based its order and that said order was not supported by competent and material evidence;

And the Court being of the opinion and having decided as a matter of law that the aforesaid order dismissing the Petitioner as a member of the Police Department of the City of New Bern, is not valid and should be set aside and that the Petitioner should be restored to his status as a member of the Police Department of the City of New Bern, effective, December 15, 1966;

IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the order of the Civil Service Board of the City of New Bern dismissing the Petitioner, is void and of no force and effect, and that the said Board is without power or jurisdiction to enter said order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Peti-

tioner shall be and he is hereby reinstated to his former status as a member of the Police Department of the City of New Bern, effective December 15, 1966.

IT IS FURTHER ORDERED AND ADJUDGED that the Respondents shall be taxed with any costs of this proceeding.

Done this the 15th day of December, 1966.

/s/ Rudolph I. Mintz
Judge Presiding"

The Petitioner appealed upon the ground the Court committed error in failing to order his reinstatement to the position of Captain of Detectives in the Police Department of the City of New Bern. The Respondent appealed upon the ground the Court committed error in reversing the Board's order of dismissal and directing the Petitioner's reinstatement to the Police Department of the City.

*Barden, Stith, McCotter and Sugg, by L. A. Stith; David S. Henderson for petitioner.*

*A. D. Ward for respondent.*

HIGGINS, J. The Petitioner, P. M. Bratcher, instituted this proceeding in the Superior Court by petition for writ of *certiorari* to review: (1) the order of the Chief of Police of New Bern dated October 11, 1966 demoting him from Captain of Detectives to patrolman in the uniform division of the Police Department; and (2) to review and reverse the December 2, 1966 order of the Civil Service Board of the City dismissing him from the Police Department on the basis of written charges filed by the Chief of Police.

The Civil Service Board of New Bern filed answer to the application for the writ, setting up as its defenses: (1) the demotion order of the Chief of Police was entered as an administrative regulation of the Police Department. The order is neither judicial nor quasi-judicial and is not reviewable on *certiorari;* and (2) the Civil Service Board of New Bern is set up by the City Charter with powers to dismiss, remove, discharge, fine, or suspend, without pay, any member of the Police Department upon written charges and after hearing. The order of the Board is final, and not reviewable by the Court.

The questions of law involve the Superior Court's power by *certiorari* to review: (1) the order of the Chief of Police demoting Petitioner from Captain to patrolman; and (2) the order of the Civil Service Board dismissing the Petitioner from the Police Department upon written charges after hearing. G.S. 1-269 provides that *certiorari* is the appropriate process by which the Superior

Court may review the proceedings of bodies exercising judicial or quasi-judicial functions in cases in which appeal is not authorized. ". . . (W)hen a governmental agency has power to remove a public officer only for cause after hearing, the ouster proceeding is judicial or quasi-judicial in nature, and may be reviewed by *certiorari*." *Russ v. Board of Education*, 232 N.C. 128, 59 S.E. 2d 589 (citing approximately 30 cases). The general rule is that if the act of removal is executive it is not reviewable on *certiorari*, but if it is on hearing and formal findings, it is reviewable. Stated in another way, the writ may be invoked only to review acts which are clearly judicial or quasi-judicial. *McQuillin, Municipal Corporations*, Vol. 4, Sec. 12.267, p. 397; *In Re Burris*, 261 N.C. 450, 135 S.E. 2d 27.

From the foregoing it seems obvious that the order entered by the Chief of Police on October 11, 1966 demoting Petitioner from Captain of Detectives to patrolman in the uniform division of the New Bern Police Department was the administrative act of the Chief of Police and neither judicial nor quasi-judicial in its nature. Hence the order is not reviewable by the Superior Court. *In Re Burris, supra*. Judge Mintz so decided and the decision is affirmed.

Judge Mintz likewise correctly held the writ did bring up for the Court's review the order entered by the Civil Service Board on December 2, 1966 dismissing the Petitioner from the Police Department. The record discloses that the Civil Service Board for the City of New Bern was created in 1957 under authority of the City Charter, which among other provisions contains the following:

"(N)o member of the Police Department of the City of New Bern shall be dismissed, removed or discharged except for cause upon written complaint and until after he has been given an opportunity to be heard by the Civil Service Board in his own defense, and in the event such member is convicted of violating the rules and regulations of the Police Department said Board may dismiss or discharge him. . . ."

The Chief of Police charged Petitioner with having violated General Order No. 7 of the Police Department and suspended him from the Police Department. This suspension order was entered November 7, 1966. Appellant filed a written demand for a public hearing on the charges and for a stenographic record of the hearing. The Board denied the request for a public hearing and for a stenographic report thereof, although the Petitioner agreed to pay for the record. The Board conducted the hearing but failed to provide any record except the very sketchy notes of the Board's Secretary. At the conclusion of the hearing, the Board entered an order dismissing the Petitioner from the Police Department.

The Court's judgment (including the findings of fact, the conclusions of law, and the final disposition) is quoted in full in the statement of facts. Obviously Judge Mintz concluded that Order No. 7, as charged in the written accusation, was nothing more than the proposal of the Police Department. It did not become valid and binding until approved by the City Council and the City Manager. Evidence of such approval was lacking. As a basis for the findings and order, proof was required that a valid order had been violated. Proof was not offered. The record fails to show wherein Judge Mintz committed error of law in reversing the order of the Civil Service Board on the ground stated.

By what is said herein, this Court may not be understood as approving the type of record made at the hearing before the Civil Service Board. The Charter required notice, written charges, and the hearing of witnesses and the examination of pertinent documents. Upon the basis of what is made to appear at the hearing the Board may dismiss, discharge from service, fine, or suspend without pay, a member of the Police Department. Court review contemplates findings of fact supported by evidence and conclusions based thereon. An aggrieved party, if he so demands, is entitled to a record which discloses at least the substance of the evidence which he may challenge as insufficient to support the findings. The record in this case does not meet this minimum requirement.

The Petitioner will pay that part of the costs attributable to his appeal. The Civil Service Board will pay the remainder of the costs.

On Petitioner's Appeal:   Affirmed.

On Respondent's Appeal:   Affirmed.