EDMOND T. LEWIS, Plaintiff v. CITY OF KINSTON, Defendant

No. COA96-1517

(Filed 5 August 1997)

**1. Municipal Corporations § 363 (NCI4th)— city employees— residency in county—ordinance unconstitutional**

A city ordinance requiring city employees to reside in the county was invalid under the equal protection clause because the residency requirement did not bear a rational relationship to legitimate government purposes given for enacting the ordinance

of ensuring that city employees contribute to the city's tax base, vote in city elections, participate in the city's community, and have quick access to their jobs in the event of civil unrest, catastrophe or natural disaster.

**2. Municipal Corporations § 363 (NCI4th)— ordinance—residency requirement—exemptions—discretion in city manager—unconstitutionality**

An ordinance which required city employees to reside within the county but allowed the city manager to have unlimited discretion in approving or disapproving exemptions from the residency requirement for "extreme hardship" was unconstitutional on its face.

Appeal by defendant from order entered 4 October 1996 by Judge James D. Llewellyn in Lenoir County Superior Court. Heard in the Court of Appeals 5 June 1997.

*Dal F. Wooten, III, for plaintiff-appellee.*

*Wallace, Morris, Barwick & Rochelle, P.A., by Edwin M. Braswell, Jr., and Vernon H. Rochelle, for defendant-appellant.*

MARTIN, John C., Judge.

Plaintiff, a City of Kinston police officer, filed this declaratory judgment action seeking to test the validity and enforceability of an ordinance adopted by defendant City of Kinston (City) requiring city employees to live within Lenoir County. The ordinance, enacted 21 May 1984, states, in pertinent part:

(b) Although it is highly desirable that all employees of the city reside within the city, employees may reside outside the city limits, but all employees shall be required to live within the boundaries of the county.

. . .

(d) The provisions of this section shall apply to employees employed or reemployed on or after May 21, 1984.

Kinston City Code 1961, Sec. 2-137. On 29 November 1988, an administrative personnel policy was promulgated requiring that all city employees maintain their residence in Lenoir County. The administrative policy, however, gave the city manager authority to grant

"extensions" or waivers of the residency requirement in cases of "extreme hardship," and contractual, seasonal and temporary employees were exempted. In 1994, Sec. 2-137 was amended by the City Council to permit building inspectors to reside within a 50 mile radius of the city.

Plaintiff, who then maintained his residence in Lenoir County, became employed by defendant City as a police officer. Plaintiff subsequently moved his residence to Duplin County. On 8 May 1995, plaintiff was advised by defendant City's chief of police that his employment would be terminated if he did not move to Lenoir County in compliance with the residency ordinance.

Plaintiff filed this action, seeking a judgment declaring defendant City's ordinance and personnel policy unconstitutional and to enjoin defendant City from enforcing the residency requirement. Both plaintiff and defendant City moved for summary judgment. The trial court granted plaintiff's motion for summary judgment, denied defendant's motion for summary judgment, declared the residency requirements set out in City Code Section 2-137(b) unconstitutional, and permanently enjoined defendant City from enforcing the residency ordinance. Defendant appeals.

---

[1] The Declaratory Judgment Act permits any person affected by a statute or municipal ordinance to obtain a declaration of his rights thereunder. N.C. Gen. Stat. § 1-254 (1996). Summary judgment may be entered upon the motion of either the plaintiff or the defendant under N.C.R Civ. P. 56, and the rule applies in an action for declaratory judgment. *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E.2d 35 (1972). In addressing a motion for summary judgment, the trial court is required to view the pleadings, affidavits and discovery materials available in the light most favorable to the non-moving party to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). Summary judgment is proper where the moving party can establish that an essential element of the opposing party's claim does not exist, or that the opposing party cannot produce evidence to support an essential element. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992). "If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper." *Franklin Road Properties v. City of Raleigh*, 94 N.C. App. 731, 737, 381 S.E.2d 487, 491 (1989).

**LEWIS v. CITY OF KINSTON**

[127 N.C. App. 150 (1997)]

Here, there is no controversy with respect to the facts in evidence; the controversy exists with respect to the legal significance of those facts. The present case is, therefore, a proper case for summary judgment determining the validity and enforceability of City Code Section 2-137(b) of the City of Kinston. We hold that the ordinance is invalid for the reasons hereinafter set forth and affirm the trial court's entry of summary judgment in favor of plaintiff.

Where a municipal employee residence requirement bears a rational relationship to one or more legitimate state purposes, it is constitutional under the traditional equal protection test. *See Ector v. City of Torrance*, 514 P.2d 433 (Cal. 1973), *cert. denied*, 415 U.S. 935, 39 L.Ed.2d 493 (1974) (used the rational basis test to uphold the validity of a charter city provision requiring city employees to be city residents); *Hattiesburg Firefighters Local 184 v. City of Hattiesburg*, 263 So.2d 767 (Miss. 1972) (held that city ordinance requiring civil service employees to reside within corporate limits of city and to move within city within 60 days was not unconstitutional as violating equal protection, due process, or prohibitions against ex post facto laws and laws impairing the obligation of contracts); *Salt Lake City Firefighters Local 1645 v. Salt Lake City*, 449 P.2d 239 (Utah 1969), *cert. denied*, 395 U.S. 906, 23 L.Ed.2d 220 (1969) (held that city had power to require that appointed officers and employees of city be residents of city). The Equal Protection Clause requires that, in defining a class subject to legislation, the distinctions that are drawn have "some relevance to the purpose for which the classification is made." *Hattiesburg Firefighters Local 184*, 263 So.2d at 771. In applying the rational basis test, the *Ector* Court noted a number of rational purposes in municipal public policy to justify residency requirements, such as enhancement of the quality of employee performance by greater personal knowledge of the city's conditions; diminution of absenteeism and tardiness among municipal personnel; ready availability of trained manpower in emergency situations; and the general economic benefits flowing from local expenditure of employees' salaries. *Ector*, 514 P.2d at 436.

In the present case, defendant City's manager testified that the purposes for enacting the residency ordinance were to ensure that city employees contribute to the city's tax base, vote in city elections, and participate in the city's community. In addition, defendant City asserted in its answer that its emergency personnel should "live where it is possible for them to have quick access to their jobs in the event of civil unrest, catastrophe or natural disaster."

While these purposes are undeniably legitimate governmental purposes, application of the rational basis test to the ordinance in this case leads us to the conclusion that defendant City's residency requirement does not bear a rational relationship to those purposes. Unlike *Ector, Hattiesburg,* and *Salt Lake City, supra,* Kinston's ordinance and the administrative policy promulgated pursuant thereto require city employees to reside, not within the City of Kinston, but rather within Lenoir County, eliminating three of the four purposes for which defendant City ostensibly enacted the residency ordinance. If an employee resides in Lenoir County, but not in the City of Kinston, he can neither vote in municipal elections, nor contribute to the city's tax base. Also, an employee who lives in a neighboring county, nearby the City of Kinston, may be just as apt to participate in the community life of Kinston as an employee who lives outside the city but still within Lenoir County.

Moreover, the residency ordinance does not bear a rational relationship to the legitimate governmental purpose of ensuring rapid emergency assistance. The city manager testified that emergency personnel should have a one-hour response time. Plaintiff states in his affidavit that his present address in Duplin County, is approximately fourteen miles and twenty-five minutes from the Kinston city limits. He also stated that his Duplin County residence is nearer to Kinston, and accessible by better highways, than some locations within Lenoir County, such as the town of Pink Hill, which is approximately eighteen miles from the City of Kinston. This Court takes judicial notice of the non-concentric configuration of Lenoir County areas and that many locations in the counties of Craven, Jones, and Duplin are closer to the City of Kinston than parts of Lenoir County. Because of the non-concentric configuration of Lenoir County, defendant City's use of the county's political boundaries as its "residency area" is not rationally related to any recognized reason for upholding residency requirements.

**[2]** Plaintiff also challenged the residency ordinance as unconstitutional on its face in that it vests unlimited discretion in the city manager.

"[A]n ordinance which vests unlimited or unregulated discretion in a municipal officer is void." *Maines v. City of Greensboro,* 300 N.C. 126, 131, 265 S.E.2d 155, 158 (1980). In *Maines,* a Greensboro firefighter was terminated from employment because he moved outside the city in violation of a city ordinance requiring city employees to

live within the city limits of Greensboro. He challenged the ordinance as unconstitutional. The North Carolina Supreme Court upheld the residency requirement, concluding that the ordinance did not vest "unfettered discretion" in the city manager to enforce the ordinance, *Maines*, 300 N.C. at 131, 265 S.E.2d at 159, and that there was no showing that the ordinance had been applied unequally to persons similarly situated, and therefore, no violation of the Equal Protection Clause had occurred. *Id.* at 133, 265 S.E.2d at 160. Our Supreme Court reasoned that because the ordinance directed the city manager to implement the residency rules and prescribe other reasonable standards which were "consistent with the standards and criteria" specifically set out in the ordinance, the ordinance did not vest unlimited discretion in the city manager to enforce the ordinance.

In the present case, the policy permitting defendant's city manager to grant "extensions" from the residency requirement contains no objective standards or criteria by which "cases of extreme hardship" may be defined, requiring only a showing that adhering to the requirement may be "impractical or other good and sufficient reasons considered to be controlling or in the best interest of the City . . .," which affords the city manager practically unlimited discretion in approving or disapproving requests for exemption from the residency requirement.

For the foregoing reasons, we conclude the residency requirement imposed by Section 2-137(b) of the Kinston City Code and the administrative policy promulgated pursuant thereto are violative of plaintiff's right to equal protection of laws guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section 19 of the North Carolina Constitution. Accordingly, the trial court properly entered summary judgment in favor of plaintiff.

Affirmed.

Judges LEWIS and WYNN concur.