GOFORTH PROPERTIES, INC., AND SECURITY BUILDING COMPANY, INC. v. TOWN OF CHAPEL HILL

No. 8415SC354

(Filed 18 December 1984)

1. **Municipal Corporations § 8.1— parking ordinances—acceptance of benefit—no standing**

Summary judgment was properly granted for defendant in an action to recover monies paid where plaintiffs had complied with zoning ordinances for the construction of a restaurant by choosing to pay a designated amount into the Town's off-street parking fund; the Town's parking requirement was not challenged; and the evidence showed that the restaurant had been built, that providing the designated parking spaces on site or within 500 feet was impossible or not attempted by plaintiffs, and that plaintiffs had not applied for a variance or offered to demolish their building. Because plaintiffs had received the benefit of their contribution to the fund, i.e., the right to build a structure otherwise prohibited, the Town was not required to build parking spaces commensurate with plaintiffs' contribution and plaintiffs could not challenge the validity of the ordinance.

Goforth Properties, Inc. v. Town of Chapel Hill

2. **Constitutional Law § 20— church exemption from parking ordinance—no un-
lawful discrimination**

Summary judgment was properly granted for defendant Town where
defendant's planning board initially attempted to circumvent parking or-
dinances for a single church and the Town subsequently amended the or-
dinances to exempt churches from parking provisions because plaintiffs did not
show actual discrimination from the planning board's action or unreasonable
classification by the Town, and because the planning board acted in an ad-
visory role rather than an administrative capacity in amending the ordinances.

APPEAL by plaintiffs from *McLelland, D. Marsh, Judge*. Judg-
ment entered 8 November 1983 in ORANGE County Superior
Court. Heard in the Court of Appeals 29 November 1984.

Plaintiff developers sought to construct a restaurant within
the central business district ("the CBD") of defendant Town of
Chapel Hill ("the Town"). The Town's zoning ordinances ap-
plicable to plaintiffs' project required that developments in the
CBD provide off-street parking within 500 feet of the site. The or-
dinances established formulae for determining the number of
spaces required, by which plaintiffs' project had to provide 11.29
spaces. In lieu of providing parking spaces, the ordinances al-
lowed developers to achieve compliance with the off-street park-
ing provisions by making payments of $2,500 per space to the
Town's Off-Street Parking Fund ("the Fund"). The Fund's purpose
was to provide for acquisition and development of parking
facilities and for replacement of existing parking structures.
Plaintiffs offered to provide parking spaces, but these were
located more than 500 feet from their site. In July 1981, plaintiffs
paid into the Fund $28,750, representing their required payment
under the terms of the ordinances, and received their building
permit in due course. Plaintiffs then proceeded to construct the
restaurant in accordance with their plans; no additional parking
spaces were constructed, acquired, or designated by plaintiffs
within 500 feet. In 1982, plaintiffs instituted this action seeking
recovery of the money paid and various injunctive relief, based on
theories of negligence by the Town and of illegality and un-
constitutionality of the Fund ordinance, both as written and as en-
forced. Following discovery, the Town moved for and obtained
summary judgment. Plaintiffs appealed.

Goforth Properties, Inc. v. Town of Chapel Hill

*Manning, Fulton & Skinner, by John B. McMillan and John I. Mabe, Jr., for plaintiffs.*

*Haywood, Denny, Miller, Johnson, Sessoms & Haywood, by Michael W. Patrick, for defendant.*

WELLS, Judge.

[1] Summary judgment is properly granted where the moving party establishes a complete defense as a matter of law. *Ballinger v. Secretary of Revenue*, 59 N.C. App. 508, 296 S.E. 2d 836 (1982), *cert. denied*, 307 N.C. 576, 299 S.E. 2d 645 (1983). Since the record conclusively shows that plaintiffs are estopped to deny the validity of the Town's ordinances, summary judgment was properly granted against them on their statutory and constitutional challenges to the ordinances.

It is well established that the acceptance of benefits under a statute or ordinance precludes an attack upon it. *Convent v. Winston-Salem*, 243 N.C. 316, 90 S.E. 2d 879 (1956); *see also Wall v. Parrot, Silver & Copper Co.*, 244 U.S. 407 (1917) (claim filed under statute prevented attack in collateral proceeding). A party may, by his or her conduct, be estopped to assert both statutory and constitutional rights. *Convent v. Winston-Salem, supra; Cameron v. McDonald*, 216 N.C. 712, 6 S.E. 2d 497 (1940). In *Convent v. Winston-Salem, supra*, our supreme court rejected a challenge to a zoning ordinance in an appeal from a denial of modifications to a special use permit, since the challengers had accepted the benefit of the original permit allowing them to operate a school in an otherwise residential area. In *Utilities Comm. v. Electric Membership Corp.*, 276 N.C. 108, 171 S.E. 2d 406 (1970), an application for certain territorial rights was held to preclude a challenge to the constitutionality of the statute authorizing the Utilities Commission to assign such rights. *See also City of Durham v. Bates*, 273 N.C. 336, 160 S.E. 2d 60 (1968) (property holders could not challenge eminent domain statute after accepting payment, even though they claimed reservation of rights); *In re Appeal of Martin*, 286 N.C. 66, 209 S.E. 2d 766 (1974) (county which exercised delegated tax power could not challenge constitutionality of certain exemptions).

It is undisputed in the present case that plaintiffs have in fact constructed their restaurant. Nowhere do plaintiffs challenge

the Town's requirement of a certain number of off-street parking spaces for the restaurant. The Town's uncontradicted evidence shows that plaintiffs cannot physically construct the necessary number of spaces on site; nothing in the record suggests any effort by plaintiffs to provide the spaces elsewhere within the 500 foot distance. The Town's uncontradicted evidence also shows that under the terms of the ordinance plaintiffs could not have built a building of the size of the one actually constructed. Plaintiffs have never applied for a variance, and they have not offered to demolish their building, apparently the only other feasible alternative. We therefore hold that, having accepted the benefit of the payment scheme by constructing the restaurant in its present, otherwise illegal size, plaintiffs are estopped to challenge the validity of the ordinances. Summary judgment on plaintiffs' statutory and constitutional challenges was therefore proper.

We also overrule with this holding plaintiffs' contention that the Town has denied them their due process rights by not constructing parking spaces commensurate with the contribution to the Fund. Plaintiffs have already received the principal benefit of their contribution, the right to build a structure otherwise prohibited by the Town's ordinances. Nothing in the law or common sense requires or suggests that money collected into special purpose funds be spent immediately upon receipt; when and how it is spent remains essentially a legislative decision. Given the relatively small amount of money involved, the Town clearly cannot rely on the Fund to begin major acquisition or construction projects. To require it to use the Fund piecemeal as money is received would run contrary to the very goals of orderly and planned development inherent in our zoning law. *See* N.C. Gen. Stat. § 160A-383 (1982).

[2] Plaintiffs' remaining assignment of error concerns allegedly discriminatory actions by the Town in subsequently amending the ordinances to exempt churches in the CBD from the off-street parking provisions. They cite two actions: (1) a failed attempt by the Town's planning board to administratively circumvent the ordinances in favor of a single church, and (2) the amendment to the ordinances. With regard to the first, plaintiffs failed to show that the planning board's action resulted in any *actual* discriminatory treatment. *See Maines v. City of Greensboro*, 300 N.C. 126, 265 S.E. 2d 155 (1980). With regard to the second, a similar contention

was summarily rejected in *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 258 S.E. 2d 444 (1979) (also on appeal from summary judgment). Rather than discuss legislative motive, the supreme court simply concentrated on the reasonableness of the exclusion. *Id.* The court found the exclusion reasonable and accordingly directed summary judgment for the City. *Id.* Plaintiffs have not shown that the classification is unreasonable, other than to state that "it is common knowledge that churches operate throughout the week, and not only on Sunday mornings." By far and away the heaviest church traffic occurs on Sunday mornings, however, when the great majority of businesses are closed. The classification appears entirely reasonable. Plaintiffs failed to carry their burden of showing unreasonable classification. Their suggestion that the Town Council, by acting on the proposal of the planning staff, acted in an administrative capacity in legislatively amending the ordinances, disregards the purely advisory role of the planning staff. *See* N.C. Gen. Stat. § 160A-361 (1982); *Allred v. City of Raleigh*, 277 N.C. 530, 178 S.E. 2d 432 (1971). This assignment of error is also without merit.

Plaintiffs do not pursue their negligence and fraud claims by assignment of error or in their brief. These claims are deemed abandoned and the summary judgment with respect to them is affirmed. Rule 10(a) and Rule 28(a) of the Rules of Appellate Procedure.

On the record before us, defendant Town of Chapel Hill was entitled to summary judgment in its favor on all claims. The trial court's order is therefore

Affirmed.

Chief Judge VAUGHN and Judge BECTON concur.