DONALD B. STEGALL AND WIFE, KATHERYN STEGALL; JOHN NEWTON AND WIFE, ESTINE NEWTON; JOSEPHINE J. RUSHER; JAMES HOLLOWAY AND WIFE, VIRGINIA HOLLOWAY; BEN M. WASHBURN AND WIFE, VIE WASHBURN; AND WILBUR THOMPSON AND WIFE, MONTINE THOMPSON, PETITIONERS AND PLAINTIFFS v. THE ZONING BOARD OF ADJUSTMENT OF THE COUNTY OF NEW HANOVER, NORTH CAROLINA, RESPONDENT; AND OLEANDER MEMORIAL GARDENS, INC., INTERVENING RESPONDENT

No. 875SC147

(Filed 20 October 1987)

1. **Municipal Corporations § 30.19— zoning—special use permit—permission to construct building—authority of building inspector**

    According to the provisions of the New Hanover County Zoning Ordinance, a cemetery corporation's inquiry concerning whether it would be permitted to construct facilities prohibited by the terms of its special use permit was a question "arising in connection with the enforcement" of the Zoning Ordinance and was a proper subject for decision by the building inspector.

2. **Municipal Corporations § 30.19— cemetery—proposed construction of above-ground burial facilities—no enlargement of nonconforming use**

    A cemetery corporation's proposal to construct above-ground burial facilities did not amount to an unlawful enlargement of its nonconforming use of property as a cemetery.

3. **Municipal Corporations § 30.19— cemetery—proposed construction of sales office—unlawful enlargement of nonconforming use**

Construction of an administration, security and sales office building upon cemetery property would amount to an unlawful *enlargement* of a cemetery corporation's nonconforming use of property as a cemetery.

4. **Municipal Corporations § 30.19— cemetery—proposed construction of above-ground burial facilities—special use permit not required—corporation not estopped from making assertion**

A cemetery corporation was not estopped to assert that no special use permit was required for construction of above-ground burial facilities because it had previously operated pursuant to the conditions of a special use permit and had failed to seek judicial review of those conditions since the cemetery corporation was entitled to use its property for cemetery purposes as a lawful nonconforming use without a special use permit, acceptance of the special use permit thus provided the corporation with no benefit to which it was not otherwise entitled, and above-ground facilities are not an unlawful extension of its nonconforming use.

APPEAL by Oleander Memorial Gardens, Inc., intervening respondent, from *Tillery, Judge.* Judgment entered 18 December 1986, in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 2 September 1987.

This case came before the superior court upon its issuance of a writ of certiorari to review a decision of the New Hanover County Zoning Board of Adjustment rendered 28 July 1986. The record discloses that Oleander Memorial Gardens, Inc. (OMG) is the owner of a 32-acre tract of land in New Hanover County which has been dedicated for use, and actually used, as a perpetual care cemetery since 1967. On 15 December 1969, OMG's property became subject to the provisions of the New Hanover County Zoning Ordinance and was zoned for residential use. Under the provisions of the zoning ordinance, a cemetery is not a permitted use in any zone, but may be allowed in residential zones under the terms of a validly issued special use permit. The Ordinance specifically provided, however, for the continuation of nonconforming uses of property which preexisted its effective date, even though such uses would otherwise be prohibited. Thus, OMG lawfully continued to use its property for cemetery purposes without the necessity for a special use permit.

Upon the effective date of the Zoning Ordinance, all interments at OMG's cemetery had been below-ground, with the exception of one above-ground crypt, or "companion mausoleum,"

which held the remains of two persons. Additional "companion mausoleums" were installed after the effective date of the Ordinance. In 1972, OMG obtained a building permit and constructed a mausoleum capable of entombment of the remains of approximately 180 persons. In 1979, OMG began installation of a number of lawn crypts at its cemetery. The New Hanover County building inspector issued a stop work order and advised OMG that a special use permit was required to complete the work. OMG applied for a special use permit, which was issued on 11 April 1980 by the New Hanover County Board of Commissioners. The permit authorized OMG to continue to operate its cemetery but restricted the interment of bodies to burial below the natural surface of the ground and prohibited the construction of additional buildings upon the property. OMG did not seek judicial review of that decision.

In 1985, OMG sought a modification of its special use permit to obtain authority to construct facilities for above-ground burial and to build an administrative office building on the cemetery grounds. Except for granting authority to install three above-ground crypts, the New Hanover County Board of Commissioners denied OMG's requests. OMG did not seek judicial review.

In May 1986, S. D. Conklin, Inspections Director for New Hanover County, acting in response to an inquiry from OMG, rendered a decision that OMG would be permitted to install and construct "lawn crypts, above-ground crypts, mausoleums, and such other above and below-ground facilities for the burial of the dead . . . and an administration, security and sales office building" upon its cemetery property, notwithstanding the restrictions contained in OMG's special use permit. Petitioners, who are residents of property adjoining OMG's cemetery property, appealed to the New Hanover County Zoning Board of Adjustment, which affirmed Mr. Conklin's decision. A writ of certiorari was issued by the superior court on 18 September 1986.

Upon review, the superior court concluded that the construction of above-ground burial facilities and an office building would violate the New Hanover County Zoning Ordinance as unlawful extensions of a nonconforming situation. The superior court also concluded that OMG was estopped to engage in conduct other than as authorized by its special use permit. From an order re-

versing the Board's decision and remanding the case to the Board for entry of a decision consistent with the court's order, OMG appeals.

*Carr, Swails, Huffine & Crouch, by James B. Swails and Auley M. Crouch, III, for petitioners-appellees.*

*Rountree & Seagle by George Rountree, III, J. Harold Seagle and Chas. M. Lineberry, Jr. for intervening respondent-appellant.*

MARTIN, Judge.

I

[1] We initially consider appellees' cross-assignment of error, through which they contend that the building inspector had no authority to consider OMG's inquiry and issue a decision with respect thereto. Section 108-1 of the New Hanover County Zoning Ordinance provides:

> It is the intention of this Ordinance that all questions arising in connection with the enforcement of this Ordinance shall be presented first to the Building Inspector and that such questions shall be presented to the Board of Zoning Adjustment only on appeal from the Building Inspector; and that from the decision of the Board of Adjustment recourse shall be to courts as provided by law.

OMG's inquiry concerning whether it would be permitted to construct facilities prohibited by the terms of its special use permit was clearly a question "arising in connection with the enforcement" of the Zoning Ordinance and was a proper subject for decision by the building inspector.

II

A

Judicial review of a decision of a county board of adjustment by proceedings in the nature of certiorari is provided for in G.S. 153A-345(e). In conducting such a review the superior court sits as an appellate court. *Coastal Ready-Mix Concrete Co., Inc. v. Board of Commissioners,* 299 N.C. 620, 265 S.E. 2d 379, *reh'g denied,* 300 N.C. 562, 270 S.E. 2d 106 (1980).

The matter is before the Court to determine whether an error of law has been committed and to give relief from an order of the Board which is found to be arbitrary, oppressive or attended with manifest abuse of authority.

*Godfrey v. Zoning Board of Adjustment*, 317 N.C. 51, 54-5, 344 S.E. 2d 272, 274 (1986), *quoting In re Campsites Unlimited*, 287 N.C. 493, 498, 215 S.E. 2d 73, 76 (1975). The superior court is not the fact-finder; its function is to determine, *inter alia*, whether the board's decision is affected by legal error and whether the evidence before the board supports its decision. *Coastal Ready-Mix Concrete, supra.* A decision of a board of adjustment may be found to be arbitrary where it is not supported by substantial evidence. *Godfrey, supra.*

## B

While the New Hanover County Zoning Ordinance provides for the continuation of preexisting nonconforming uses of property, Section 44-1 prohibits "an increase in the extent of non-conformity of a non-conforming situation." Section 44-4 provides: "Where a non-conforming situation exists the equipment or processes may be changed if these or similar changes amount only to changes in degree of activity rather than changes in kind and no violations of other paragraphs of this Section occur."

## C

[2] The primary question presented to the Zoning Board of Adjustment by petitioners' appeal of Mr. Conklin's decision was whether OMG's proposal to construct above-ground burial facilities amounted to an unlawful enlargement of its nonconforming use of the property as a cemetery. The evidence before the Board on this issue was not in conflict; it showed the extent to which facilities for above-ground burials had existed at the cemetery before and after the effective date of the Zoning Ordinance and the extent to which such facilities existed at other cemeteries within New Hanover County. OMG's plans for construction of those facilities were also before the Board. Where the evidence is not in conflict, the question of whether a particular activity will be deemed a permissible continuation, or an impermissible expansion, of a nonconforming use is a question of law. *In re Tadlock*, 261 N.C. 120, 134 S.E. 2d 177 (1964).

The Board found that OMG's use of the property as a cemetery was a legitimate nonconforming use and that "above ground burial is a fundamental aspect of cemeteries." Based on those findings, the Board affirmed the building inspector's decision permitting OMG to construct facilities for above-ground burial facilities. Although the Board's decision could have been more artfully worded, it was essentially a determination that the construction of above-ground burial facilities would not amount to a "change in kind" of activity conducted at OMG's cemetery and was, therefore, not a prohibited enlargement of a nonconforming situation. The Board's decision is legally sound.

As we interpret the Zoning Ordinance, an increase in the intensity of the nonconforming activity is permissible; a change in the kind of activity conducted on the land is prohibited. We believe that this interpretation conforms with that ordinarily given zoning ordinances which proscribe a change of use. *See* 1 Anderson, American Law of Zoning 3d, § 6.38 (1986). OMG's land was dedicated and used for cemetery purposes at the time the zoning ordinance became effective; the nonconforming activity conducted upon the property was interment of the remains of deceased persons. The definition of "cemetery" contained in G.S. 65-48(3) includes:

"a. A burial park, for earth interment.

b. A mausoleum.

c. A columbarium."

Whether interment is accomplished by burial below the natural surface of the ground or through the use of lawn crypts, mausoleums or columbariums relates to the processes by which the nonconforming activity is conducted and the intensity of the nonconforming use of the land as a cemetery. It does not amount to a change in the nature and kind of use to which the property was devoted. Therefore, we reverse that portion of the superior court's judgment holding that the construction and installation of above-ground facilities for the dead amount to an unlawful extension of a nonconforming situation.

D

[3]    The Board also determined that OMG would be permitted to build an administration, security and sales office building upon its

cemetery property. Its decision was based upon a finding that "administrative offices are required by law and therefore allowed." There is no evidence in the record to support such a finding and the Board's decision cannot stand.

The Board's finding was apparently based on the provisions of G.S. 65-60, which require that a cemetery company keep certain records and make such records "available at the licensee's *principal place of business*." (Emphasis added.) The statute does not, however, require that a licensee's office be located upon the site of its cemetery. Moreover, uncontradicted evidence before the Board disclosed that OMG had, for several years, maintained a sales office at an old house located on the cemetery property, but that use of the house had been discontinued and it had been removed from the property and not replaced. The Zoning Ordinance prohibits replacement or reconstruction of a structure used in a nonconforming manner unless a building permit is obtained within one year of the time the original structure was destroyed. New Hanover County Zoning Ordinance, § 44-8. We therefore affirm that portion of the superior court's judgment which vacates the Board's decision with respect to construction of an administration, security and sales office building.

E

[4] The superior court made findings of fact with respect to OMG's applications, in 1980 and 1985, for special use permits relating to the operation of its cemetery and its failure to seek judicial review of the decisions of the New Hanover County Commissioners denying certain of its requests. The court concluded that because OMG had obtained a special use permit in 1980, had operated pursuant to the terms and conditions thereof, and had failed to seek judicial review of those conditions, it was estopped to engage in conduct other than as specified in the special use permit. We reverse.

It is true that one who derives a benefit from exercising privileges granted by a statute or ordinance is estopped to deny the validity of terms fixed as conditions for the exercise of such privileges. *See Convent of the Sisters of Saint Joseph v. City of Winston-Salem*, 243 N.C. 316, 90 S.E. 2d 879 (1956); *Goforth Properties, Inc. v. Town of Chapel Hill*, 71 N.C. App. 771, 323 S.E. 2d 427 (1984). One cannot be estopped, however, due to his accept-

ance of a benefit to which he is entitled in any event, or where acceptance is induced by mistake as to the facts involved. 28 Am. Jur. 2d, Estoppel and Waiver, § 60. OMG's use of its property for cemetery purposes was protected by its status as a lawful nonconforming situation under the Zoning Ordinance without the necessity of obtaining a special use permit. It was entitled to conduct the very activities for which it sought the permit. Acceptance of the special use permit provided OMG with no benefit to which it was not otherwise entitled. OMG is not estopped, therefore, from asserting that no special use permit is required for the construction and installation of facilities for above-ground burial because such facilities are not an unlawful extension of its nonconforming use of its cemetery property. *See Lewis-Clark Memorial Gardens v. City of Lewiston*, 99 Idaho 680, 587 P. 2d 821 (1978).

### III

In summary, we hold that OMG is permitted to construct and install facilities for above-ground burial at its cemetery property in conjunction with its lawful nonconforming use of that property and without the necessity of a special use permit. Insofar as the judgment of the superior court is inconsistent with this holding, it is reversed. OMG may not, however, construct an administrative, security and sales office building upon its cemetery property and the judgment of the superior court so holding is affirmed.

Affirmed in part; reversed in part.

Judges WELLS and EAGLES concur.