FRANKLIN ROAD PROPERTIES v. CITY OF RALEIGH, NORTH CAROLINA, AVERY C. UPCHURCH, MAYOR OF THE CITY OF RALEIGH, NORTH CAROLINA, EDWARD A. WALTERS, WALTER M. KELLER, MIRIAM P. BLOCK, ARTHUR J. CALLOWAY, SANDRA P. BABB, O. MARTIN CONGLETON AND MARY C. CATES, MEMBERS OF THE CITY COUNCIL OF THE CITY OF RALEIGH, NORTH CAROLINA

No. 8810SC849

(Filed 1 August 1989)

1. **Municipal Corporations § 8.1 — variance from ordinance granted plaintiff — benefits accepted — no standing to challenge validity of ordinance**

    Where plaintiff had clearly requested, obtained, and accepted the benefits of a variance from § 20-2063(b) of the City Code of Raleigh allowing plaintiff to have parking and driveways

in the fifty-foot unusable yard area, plaintiff was thereafter precluded from attacking the validity of this zoning ordinance through its complaint seeking declaratory judgment.

## 2. Constitutional Law § 23.1— building permit dependent upon widening and paving road—exaction—evidence and findings required under rational nexus test

Where the Inspection Department of the City of Raleigh refused, based on § 10-2063(b) of the City Code, to allow plaintiff to proceed with its building project unless it dedicated its land to widen a road and agreed to pave a portion of the road, the ordinance as applied by defendant constituted an exaction, and the trial court erred in entering summary judgment for defendant and in failing to receive evidence and make findings under the rational nexus test of *Batch v. Town of Chapel Hill*, 92 N.C. App. 601.

APPEAL by plaintiff from *Phillips, Herbert O., III, Judge.* Judgment entered 11 March 1988 in WAKE County Superior Court. Heard in the Court of Appeals 22 February 1989.

Plaintiff is a North Carolina general partnership which has its principal office and place of business in Wake County, North Carolina. Defendant City of Raleigh is a municipal corporation chartered by the General Assembly of North Carolina and located in Wake County. Defendant Upchurch is the mayor of the City of Raleigh; the other individual defendants are members of the City Council of the City of Raleigh, North Carolina.

Plaintiff owned a tract of land on Jones Franklin Road, a public highway, which was at one time outside the City of Raleigh (the City) but within its extra-territorial planning jurisdiction. In March 1983 plaintiff asked the City to approve the construction of a three-building office condominium project and that plaintiff be allowed to measure the fifty-foot setback line under O and I-III zoning from the existing property line rather than the future right-of-way line of the highway. Plaintiff also requested a variance under § 10-2063(b) of the ordinances of the City to permit parking and driveways in the fifty-foot O and I-III unusable yard area, measured from the existing right-of-way line. On 17 May 1983 the City Council approved the site plan and granted plaintiff's requests. Plaintiff subsequently applied to the Inspection Department of the City for the necessary permits to proceed with its project. The Inspec-

FRANKLIN ROAD PROPERTIES v. CITY OF RALEIGH

[94 N.C. App. 731 (1989)]

tion Department refused to allow plaintiff to proceed unless it dedicated its land to widen and agreed to pave a portion of Jones Franklin Road.

On 5 April 1985 plaintiff filed a complaint seeking a declaratory judgment as to the rights, duties and liabilities of the parties with regard to the validity and enforceability of § 10-2063 and § 10-3018 of the Code of Ordinances for the City of Raleigh (the City Code). Plaintiff requested the trial court to find: (1) that plaintiff was entitled to proceed to develop its property pursuant to the site plan previously approved by the City; (2) that § 10-2063 and § 10-3018 were invalid as exceeding the authority granted by statute to the City to regulate development if the sections were interpreted to require plaintiff to dedicate its property as part of a right-of-way of a proposed road and to open and pave the road at plaintiff's expense, a condition precedent to development; and (3) that if such required action of plaintiff were permitted by statute, the ordinance sections were invalid as being in violation of Article I, Section 19 of the North Carolina Constitution and Amendment XIV of the Constitution of the United States. Plaintiff also sought damages for the unlawful taking of its property without the payment of just compensation as required by law.

On 16 September 1985, defendants answered generally denying the material allegations of the complaint and raising as defenses plaintiff's failure to state a claim upon which relief could be granted, lack of personal and subject matter jurisdiction, barring of the action by the statute of limitations, and lack of a genuine case or controversy which would allow the imposition of remedies provided by declaratory judgment.

On 12 September 1986, defendants filed a motion for summary judgment. The matter came on for hearing before the trial court at the 27 July 1987 Civil Session of Wake County Superior Court. After considering the pleadings, affidavits, testimony, documents and exhibits accepted as evidence, pertinent sections of the City Code, the North Carolina General Statutes and arguments of counsel, the trial court made findings of fact, conclusions of law and entered an order granting defendants' motion for summary judgment. Plaintiff appealed from this order.

*Hunter & Wharton, by John V. Hunter III, for appellant.*

*Elizabeth C. Murphy, Associate City Attorney, for defendant-appellee City of Raleigh.*

WELLS, Judge.

Plaintiff assigns error to the trial court's granting of summary judgment to defendants. Plaintiff commenced the present action by filing a complaint seeking declaratory judgment of its rights, duties and liabilities, and those of defendant City, under various sections of the City Code. Plaintiff specifically attacked the validity of § 10-2063 and § 10-3018 of the City Code if these ordinances were interpreted to require plaintiff to dedicate and pave a portion of its property as part of the right-of-way of Jones Franklin Road. Plaintiff also sought monetary damages for damage caused by defendants' actions to the economic value and utility of plaintiff's land. The action of defendants which brought about the commencement of the present case was the refusal of defendant City's Inspection Department to issue building permits to plaintiff. The Inspection Department refused to grant the permits to plaintiff because plaintiff had failed to make necessary improvements as required by the subdivision ordinance — § 10-3018 — of the City Code. Code § 10-2063 is part of Chapter 2 entitled "*Zoning*" and Article D entitled "*Supplementary Regulations*." We shall discuss plaintiff's contentions concerning these ordinances and the trial court's granting of summary judgment to defendants in turn.

### The Zoning Ordinance

As noted above § 10-2063 is a zoning ordinance included in the City Code. Plaintiffs originally submitted to the City a request for approval of the construction of a three-building office condominium project in March 1983. At that time plaintiff requested that it be allowed to measure the fifty-foot setback line under O & I-III zoning from the existing property line rather than the future right-of-way line of Jones Franklin Road. Plaintiff also requested a variance under § 10-2063(b) to permit parking and driveways in the fifty-foot O & I-III unusable yard area as measured from the existing right-of-way line. Plaintiff's site plan was approved by the city council. The variance requests were also granted.

[1]  Plaintiff subsequently filed its complaint in the present case attacking the validity of § 10-2063 through a request for declaratory judgment pursuant to N.C. Gen. Stat. § 1-253, *et seq.* We note that "[a] suit to determine the validity of a city zoning ordinance is a proper case for a declaratory judgment." *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E. 2d 35 (1972); G.S. § 1-254 (1983). However, as we stated in *Goforth Properties, Inc. v. Town of*

*Chapel Hill*, 71 N.C. App. 771, 323 S.E. 2d 427 (1984), "It is well established that the acceptance of benefits under a statute or ordinance precludes an attack upon it." We stated further in *Goforth Properties, Inc.* that "A party may, by his or her conduct, be estopped to assert both statutory and constitutional rights." *Id.* at 773, 323 S.E. 2d at 429. In the present case plaintiff has clearly requested, obtained and accepted the benefits of a variance from § 10-2063(b) of the City Code, allowing plaintiff to have parking and driveways in the fifty-foot unusable yard area. Plaintiff is therefore precluded from attacking the validity of this zoning ordinance—§ 10-2063—through its complaint seeking declaratory judgment.

### The Subdivision Ordinance

[2] Section 10-3018 of the City Code reads as follows:

> Whenever a tract of land included within any proposed subdivision or site plan embraces any part of a freeway, expressway, collector street, major access corridor as defined in section 10-2002, major or minor thoroughfare so designated on the current city comprehensive plan or thoroughfare plan after such plan or part of it has been adopted by the proper authority, such part of such proposed public way shall be platted and dedicated in the location and the width indicated on the city plan but no tract shall be required to plat more than one hundred and ten (110) feet of right-of-way, excluding slope easements.

This case presents a question similar to the one considered by us in *Batch v. Town of Chapel Hill*, 92 N.C. App. 601, 376 S.E. 2d 22 (1989). In *Batch*, we reviewed the trial court's granting of summary judgment in favor of plaintiff subdivision developer against defendant town on various claims challenging the constitutionality of defendant's denial of plaintiff's subdivision application based on certain subdivision requirements. Defendant had denied plaintiff's subdivision application based in part on plaintiff's failure to indicate on her subdivision plat an intent to dedicate a portion of her land as a right-of-way for Lystra Road and to improve that road "by adding . . . twelve (12) feet of pavement width as well as curb and gutter along the property's . . . frontage on that road." *Id.* at 609, 376 S.E. 2d at 27. Plaintiff sought review of defendant's action in superior court via certiorari and filed a complaint seeking declaratory and injunctive relief, compensation and damages. Upon

a motion by plaintiff for summary judgment the trial court found that the town's requirements concerning Lystra Road were "unsupported by state statute, violated due process, and constituted a temporary taking for which compensation [was] due." *Batch* at 625, 376 S.E. 2d at 36.

In another portion of our opinion in *Batch* we concluded that the town's requirement that plaintiff dedicate a portion of her property as a right-of-way for the proposed Laurel Hill Parkway was an "exaction." In defining "exaction" we stated:

> [A]n exaction is a condition of development permission that requires a public facility or improvement to be provided at the developer's expense. Most exactions fall into one of four categories: (1) requirements that land be dedicated for street rights-of-way, parks, or utility easements and the like; (2) requirements that improvements be constructed or installed on land so dedicated; (3) requirements that fees be paid in lieu of compliance with dedication or improvement provisions; and (4) requirements that developers pay "impact" or "facility" fees reflecting their respective prorated shares of the cost of providing new roads, utility systems, parks, and similar facilities serving the entire area.

*Id.* at 613, 376 S.E. 2d at 30 (*quoting* Ducker, *"Taking" Found for Beach Access Dedication Requirement*, 30 Local Gov't Law Bulletin 2, Institute of Government (1987) ). We further stated that "Not all exactions are constitutional takings." *Id.* at 614, 376 S.E. 2d at 30. To aid a trial court in determining whether an exaction is an unconstitutional taking, we adopted the following rational nexus test:

> To determine whether an exaction amounts to an unconstitutional taking, the court shall: (1) identify the condition imposed; (2) identify the regulation which caused the condition to be imposed; (3) determine whether the regulation substantially advances a legitimate state interest. If the regulation substantially advances a legitimate state interest, the court shall then determine (4) whether the condition imposed advances that interest; *and* (5) whether the condition imposed is proportionally related to the impact of the development.

*Batch* at 621, 376 S.E. 2d at 34 (emphasis in original). We concluded that the trial court's conclusion regarding the Lystra Road require-

ments should be reversed so as "to allow the lower court to hear evidence and make findings in light of our discussion of [*inter alia*], . . . the rational nexus test . . . ." *Id.* at 625, 376 S.E. 2d at 36.

The subdivision ordinance at issue in the present case presents substantially the same requirements as those imposed by the Lystra Road condition in *Batch*. We conclude that this ordinance as applied by defendant in this case constitutes an exaction and that summary judgment for defendant was inappropriate as to this aspect of the case. A review of this ordinance by the trial court must be made by applying the rational nexus test adopted in *Batch* and set out above to the facts presented.

> When a trial court fails to make findings or conclusions when they are required, the appellate court may order a new trial or allow additional evidence to be heard by the trial court or leave it to the trial court to decide whether further findings should be on the basis of the existing record or on the record as supplemented.

*Harris v. N.C. Farm Bureau Mutual Ins. Co.*, 91 N.C. App. 147, 370 S.E. 2d 700 (1988) (citations omitted). A review of the trial court's judgment in the present case reveals that further evidence should be taken and findings made under the rational nexus test as applied to defendant's subdivision ordinance.

In making this determination we reiterate that, "Summary judgment should be entered only where there is no genuine issue as to any material fact. If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper." *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 215 S.E. 2d 162 (1975).

Affirmed in part, reversed in part and remanded.

Chief Judge HEDRICK and Judge LEWIS concur.