ORANGE COUNTY, A North Carolina County, Petitioner-appellee v. TOWN OF HILLBOROUGH, HILLSBOROUGH BOARD OF ADJUSTMENT Respondent-appellants

ORANGE COUNTY, NORTH CAROLINA, Plaintiff-appellant v. TOWN OF HILLSBOROUGH, HILLSBOROUGH BOARD OF ADJUSTMENT, AND MARGARET W. HAUTH, HILLSBOROUGH ZONING OFFICER IN HER OFFICIAL CAPACITY, Defendant-appellee

No. COA11-375

No. COA11-386

(Filed 21 February 2012)

1. **Zoning—denial of zoning compliance permit—arbitrary and capricious**

    The trial court did not err by concluding that the Hillsborough Board of Adjustment's final order denying issuance of a zoning compliance permit was arbitrary and capricious based on appellants' decision to deny approval of alternative parking for the Justice Center because it did not "adequately address the parking needs of the Justice Facility." The trial court properly remanded to appellants for approval of the 2006 site plan and ordered that a zoning compliance permit be issued to Orange County.

2. **Estoppel—acceptance of benefits—county not subject to same extent as individual or private corporation**

    The trial court did not err by concluding that Orange County was not estopped from challenging the validity of the zoning ordinance, thereby avoiding the parking condition of site plan approval, based on its acceptance of the benefits of the condi-

tional site plan approval by commencing construction of the addition to the Justice Center. A county is not subject to an estoppel to the same extent as an individual or a private corporation. Enforcing the doctrine of estoppel on Orange County would impair Orange County's mandated government function under N.C.G.S. § 7A-302 of providing courtrooms, office space for juvenile court counselors and support staff, and related judicial facilities for each county where a district court has been established.

**3. Appeal and Error—issue not reached—prior holding in same case precluded**

Although appellants contended that Orange County's own representatives conceded that their parking proposals did not meet the parking requirements under the Zoning Ordinance, this issue was not reached based on the prior holding that Orange County produced competent, material, and substantial evidence supporting the issuance of a zoning compliance permit.

**4. Appeal and Error—issues not addressed—prior holding in another case precluded**

In light of the Court of Appeals' holding in case number COA11-375, it was not necessary to reach the issues presented on appeal in case number COA11-386.

Appeals by respondents Town of Hillsborough and Hillsborough Board of Adjustment (collectively "appellants") and petitioner Orange County from an order entered 12 November 2010 by Judge Allen Baddour in Orange County Superior Court. Heard in the Court of Appeals 12 October 2011. Pursuant to N.C. R. App. P. 40, these cases involving common issues of law, were consolidated for hearing.

*Brough Law Firm, by Robert E. Hornik, Jr., for Town of Hillsborough and Hillsborough Board of Adjustment.*

*John L. Roberts and Michael R. Ferrell for Orange County.*

BRYANT, Judge.

Where the trial court properly applied the whole record test in determining that the Hillsborough Board of Adjustment's final order denying a Zoning Compliance Permit to Orange County was arbitrary and capricious, and where the doctrine of estoppel is not applicable, we affirm the order of the trial court.

**ORANGE CNTY. v. TOWN OF HILLSBOROUGH**

[219 N.C. App. 127 (2012)]

*Facts and Procedural History*

The issues presented in this case arise from the Orange County Justice Center Expansion Project. Orange County is the owner of contiguous property along East Margaret Lane from South Churton Street to South Cameron Street ("East Campus Property") in Hillsborough, North Carolina. The following buildings are located on the East Campus Property: the Hillsborough Courthouse ("Justice Center"); the Orange County District Attorney's Office; the Link Government Services Center; and, the Government Services Annex. East Campus Property is zoned Office/Institutional and the permitted use for the district includes the construction of government facilities and office buildings pursuant to the Town of Hillsborough Zoning Ordinance (Zoning Ordinance). According to Section 3.4 of the Zoning Ordinance, if a plan for a government facility in the Office/Institutional zone exceeds 10,000 square feet, it must be approved by a conditional use permit.

In 2006, Orange County began planning a 38,000 square feet expansion to the Justice Center. On 8 November 2006, the Town of Hillsborough's Board of Adjustment (hereinafter "HBOA") conditionally approved the site plan for the addition to the Justice Center with the condition being that Orange County submit an acceptable plan for remote parking facilities pursuant to the Zoning Ordinance. The requirement for conditional approval was "that presentation of acceptable remote parking facilities and process documents covering the operation" must be received. No deadline for compliance was included in this conditional approval.

The Zoning Ordinance Section 6.6 requires, among other things, that government facilities provide one space per employee, plus one space per 300 square feet of gross floor area of the building. At the 8 November 2006 HBOA meeting, Orange County stated that the Zoning Ordinance required 125 additional parking spaces, for a total of 552.[1] At that time, Orange County proposed to fulfill the additional parking space requirement through a bid placed on a park and ride lot and shuttle located at Durham Technical Community College.

In May 2007, Orange County commenced construction of the Justice Center. Over the next three years Orange County spent over $12.5 million on the Justice Center Expansion Project. On 10 March

1. The HBOA's 12 May 2010 Final Order and review of the parking plan indicated 125 additional parking spaces were needed for the expansion project, making the total number of spaces required under the ordinance 438 as opposed to 552.

2010, Orange County sought approval from the HBOA for a parking plan and Zoning Compliance Permit, which would have allowed the issuance of a Certificate of Occupancy for the addition to the Justice Center. Meanwhile, Orange County stated that the 2006 park and ride lot and shuttle plan from 2006 was no longer a feasible option and substituted alternative remote parking plans. The HBOA held hearings on 10 March, 14 April, 28 April, and 12 May 2010 to consider granting the Zoning Compliance Permit.

During these public hearings the HBOA noted that Orange County had a parking deficit of 168 spaces at the Justice Center. To address this deficit, Orange County offered the following solutions: recognize forty (40) street parking spaces on East Margaret Lane and South Cameron Street and nine spaces on the west campus; encourage Orange County employees to park in the county's controlled parking spaces in the Eno River Parking deck; and, encourage court visitors to utilize public transportation by commuting to and from the park and ride lot at Durham Technical Community College. On 28 April 2010, Orange County presented a revised alternative parking plan that offered modifications to building operations that would address peak traffic situations and discourage county employees from parking in the Justice Center, among other things.

On 12 May 2010 the HBOA entered a final order denying Orange County's request for approval of alternative parking for the Justice Center because it did not "adequately address the parking needs of the Justice Facility" and refused to grant the Zoning Compliance Permit. On 26 May 2010, the Hillsborough Zoning Officer issued a Notice of Violation against Orange County for occupying the Justice Center without a Certificate of Occupancy.

On 28 May 2010, Orange County filed a complaint against the Town of Hillsborough (hereinafter "Hillsborough") requesting a declaratory judgment: compelling Hillsborough to issue a Compliance Permit for the Justice Center; declaring that Hillsborough is without authority a) to deny Orange County's Compliance Permit, b) to require Orange County to comply with the parking provisions in the zoning Ordinance, c) to condition approval of the Certificate of Occupancy on its compliance with the parking provisions in the Zoning Ordinance, and d) to interfere in any other way with Orange County's duty to provide adequate court facilities pursuant to N.C. Gen. Stat § 7A-302; and, declaring the failure to issue the Compliance Permit as unconstitutional, unlawful, and unenforceable.

On 27 July 2010, Hillsborough filed a motion for summary judgment arguing that Orange County was and is required to comply with the off-street parking requirements of the Zoning Ordinance. On 26 August 2010, Orange County also filed a motion for summary judgment seeking a determination that the Zoning Ordinance is not, in its entirety, applicable to North Carolina and its counties and that Hillsborough had attempted to unlawfully expand their authority pursuant to N.C.G.S. § 160A-392.

The cases-10 CVS 908 and 1082-were joined for a hearing which was held on 3 September 2010. On 12 November 2010 the trial court issued an order denying Orange County's summary judgment motion and granting Hillsborough's summary judgment motion. Orange County appeals this 12 November 2010 Order in 10 CVS 908.

Previously, on 28 June 2010 Orange County filed a Petition for Review in the Nature of Certiorari in Orange County Superior Court to reverse the HBOA's order denying a Zoning Compliance Permit. On 12 November 2010, the trial court granted Orange County's petition and issued a Writ of Certiorari to the HBOA reversing and remanding the HBOA's denial of Orange County's application for a Zoning Compliance Permit with directions to approve the application. The trial court made the following conclusions of law:

> 7. For purposes of these proceedings, the only condition at issue is whether presentation of acceptable remote parking facilities and process documents covering the operation thereof were received.
>
> 8. This is a two-pronged analysis: first, were acceptable remote parking facilities presented?; and second, were process documents covering the operation thereof received?
>
> 9. The first prong of the analysis garnered little attention by the parties; the Court finds that the remote parking facilities themselves, located at Durham Tech, were acceptable to Respondent Board. Were this not the case, Respondent Board would not have granted the conditional Site Plan approval.
>
> 10. The second prong, as a matter of law under a plain reading of the terms, requires "receipt" of documents, rather than, for example, successful implementation of a remote parking plan.
>
> . . .

13. [T]he Court concludes that the relevant inquiry is whether a document was provided by Petitioner and received by Respondent Board.

14. The March 4, 2010, April 8, 2010, and April 22, 2010 letters from [an engineer for Orange County] to [the Planning Director for the HBOA] are "process documents" within the meaning of the conditional Site Plan Approval, in that they outlined the operation of the remote parking facility. . . .

15. When taken as a whole, the record is replete with competent, material, and substantial evidence regarding the presentation and receipt of the process document supporting the remote parking facility, and thus substantial compliance with the original requirements set forth by Respondent Board.

16. When taken as a whole, the record is devoid of competent, material, and substantial evidence that other, additional requirements were necessary prior to Site Plan approval.

17. The decision of Respondent Board is not supported by competent, material, and substantial evidence in the whole record.

18. The decision of Respondent Board is arbitrary and capricious.

From this order, the Town of Hillsborough and the HBOA (collectively "appellants") appeal in 11-375.

---

11-375 (10 CVS 1082):

*Orange County, a North Carolina County*

*v.*

*Town of Hillsborough and the Hillsborough Board of Adjustment*

Appellants advance the following three issues on appeal: whether (I) the trial court erred by concluding that HBOA's 12 May 2010 final order was arbitrary and capricious; (II) Orange County should be estopped from avoiding the condition of site plan approval because it has received the benefits of that approval; and (III) Orange County's own representatives conceded that its alternative parking plan did not satisfy the zoning requirements.

*I*

**[1]** Appellants first argue that the trial court erred by concluding that their decision and order to deny issuance of a Zoning Compliance Permit was arbitrary and capricious. The HBOA argues Orange County was subject to the parking requirements pursuant to N.C. Gen. Stat. § 160A-392 and sections of Hillsborough's Zoning Ordinance, and that no parking plan presented by Orange County satisfied these requirements. We disagree.

N.C. Gen. Stat. § 160A-381 (2011) grants the HBOA the power to issue special use permits or conditional use permits in particular circumstances. It also allows the HBOA to impose "reasonable and appropriate conditions and safeguards upon these permits." N.C.G.S. § 160A-381(c).

Orange County, in an argument counter to that of appellants, contends that appellants are without authority to regulate parking because parking is not a building within the meaning of N.C. Gen. Stat. § 160A-392. Orange County cites to *Nash-Rocky Mount Bd. of Educ. v. Rocky Mount Bd. of Adjust*, 169 N.C. App. 587, 610 S.E.2d 255 (2005), for the contention that a parking lot is not considered a "building" or a "use of a building" pursuant to N.C.G.S. § 160A-392.

In *Nash-Rocky Mount*, the school board contacted the city of Rocky Mount about adding an additional parking lot for school buses at Rocky Mount Senior High School. *Id.* at 587, 610 S.E.2d at 257. The city informed the school board that it would need to obtain a special use permit in order to use the parking lot. *Id.* at 588, 610 S.E.2d at 257. Following a hearing, the city's board of adjustment denied the request for a special use permit stating that surrounding properties would be adversely affected and that the parking lot would "endanger the public health, safety, or general welfare of the neighborhood." *Id.* Our Court held that N.C.G.S. § 160A-392 "did not give the municipality jurisdiction to regulate land simply because it was utilized in connection with the building." *Id.* at 593, 610 S.E.2d at 260. Accordingly, our Court concluded that "because the parking lot is not a 'building' under the applicable version of N.C. Gen. Stat. § 160A-392 . . . the Board of Adjustment lacked jurisdiction to issue or deny a special use permit concerning that land[.]" *Id.*

The instant case can be distinguished from *Nash-Rocky Mount*. The school board in *Nash-Rocky Mount* sought to build a new parking lot for school buses at an already existing building (Rocky Mount Senior High School) whereas Orange County is attempting to build an

addition to a courthouse. N.C.G.S. § 160A-392 (2011) states that local zoning regulations "are hereby made applicable to the erection, construction, and use of *buildings* by the State of North Carolina and its political subdivisions." (emphasis added). Therefore, N.C.G.S. § 160A-392 grants appellants the authority to apply zoning ordinances to the construction or use of the addition to the courthouse. The trial court did not err in finding that Orange County had to be in compliance with the applicable zoning ordinances, particularly, Zoning Ordinance Section 6.6 which requires this type of facility to provide a specific number of parking spaces based on the number of employees and the size of the facility.

Next, we review the trial court's 12 November 2010 order, remanding to the HBOA for approval of the 2006 Site Plan and issuance of the Zoning Compliance Permit. A trial court's task when reviewing the grant or denial of a conditional use permit by a town board includes:

> (1)  Reviewing the record for errors of law;
>
> (2)  Insuring that procedures specified by law in both statute and ordinance are followed,
>
> (3)  Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,
>
> (4)  Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and
>
> (5)  Insuring that decisions are not arbitrary and capricious.

*Coastal Ready-Mix Concrete Co. v. Board of Comm'rs*, 299 N.C. 620, 626, 265 S.E.2d 379, 383 (1980).

Where, as here, Orange County questioned whether appellants' decision was arbitrary or capricious, we must apply the "whole record" test. *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002) (citation omitted).

> When utilizing the whole record test, however, the reviewing court must examine all competent evidence (the "whole record") in order to determine whether the agency decision is supported by 'substantial evidence. The "whole record" test does not allow the reviewing court to replace the [b]oard's

judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo*.

*Id.* at 14, 565 S.E.2d at 17-18 (internal quotation marks and citations omitted).

"On an appeal to this court from a superior court's review of a municipal zoning board of adjustment, the standard of review is limited to '(1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Fantasy World, Inc. v. Greensboro Bd. Of Adjustment*, 162 N.C. App. 603, 609, 592 S.E.2d 205, 209 (2004) (citation omitted). Therefore, we must now consider whether the trial court exercised the "whole record test" in making its order and whether it applied that standard properly.

In Orange County's petition for writ of certiorari to the superior court, Orange County alleged that the HBOA's "decisions, findings and conclusion are legally and factually erroneous, are not supported by competent, material and substantial evidence, and were arbitrary and capricious." The trial court reviewed, pursuant to a writ of certiorari, the HBOA's denial of Orange County's Application for a Zoning Compliance Permit based on its rejection of Orange County's parking plans. The trial court noted that it had "considered the full record" in determining whether Orange County had satisfied the special conditions attached to the Site Plan Approval.

HBOA's decision "may be reversed as arbitrary or capricious if [it is] patently in bad faith, or whimsical in the sense that [the decision] indicate[s] a lack of fair and careful consideration or fail[s] to indicate[] any course of reasoning and the exercise of judgment." *Mann*, 356 N.C. at 16, 565 S.E.2d at 19 (internal quotation marks and citations omitted). However,

> [w]hen an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit, *prima facie* he is entitled to it. A denial of the permit should be based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record.

*Humble Oil & Refining Co. v. Bd. of Aldermen*, 284 N.C. 458, 468, 202 S.E.2d 129, 136 (1974).

In its 12 November 2010 order, the trial court made the following conclusions of law:

> 7. For purposes of these proceedings, the only condition at issue is whether presentation of acceptable remote parking facilities and process documents covering the operation thereof were received.
>
> 8. This is a two-pronged analysis: first, were acceptable remote parking facilities presented?; and second, were process documents covering the operation thereof received?
>
> 9. [Under] [t]he first prong of analysis . . . the [c]ourt finds that the remote parking facilities themselves, located at Durham Tech, were acceptable to [appellants]. Were this not the case, [appellants] would not have granted the conditional Site Plan approval.
>
> . . .
>
> 14. [Under the second prong of the analysis], [t]he March 4, 2010, April 8, 2010, and April 22, 2010, letters from [the Planning Director for appellants] and [the Value Engineer/Asset Management and Purchasing Services for Orange County] are "process documents" within the meaning of the conditional Site Plan Approval, in that they outlined the operation of the remote parking facility. . . .
>
> 15. When taken as a whole, the record is replete with competent, material, and substantial evidence regarding the presentation and receipt of the process document supporting the remote parking facility, and thus substantial compliance with the original requirements set forth by [the HBOA].
>
> 16. When taken as a whole, the record is devoid of competent, material, and substantial evidence that other, additional requirements were necessary prior to Site Plan approval.
>
> 17. The decision of [the HBOA] is not supported by competent, material, and substantial evidence in the whole record.
>
> 18. The decision of [the HBOA] is arbitrary and capricious.

As evidenced in its order, the trial court applied the appropriate scope of review, which is the whole record test. We also hold that the trial court properly applied that scope of review in finding and concluding that HBOA's denial of Orange County's application for zoning

approval was not supported by substantial evidence. A review of the whole record indicates that appellants conditioned site plan approval on submission of a written plan for a remote parking facility, or "presentation of acceptable remote parking facilities and process documents covering the operation thereof[,]" after Orange County presented the proposal of the Durham Tech park-and-ride lot. Based on the manner in which the HBOA granted the conditional site plan approval, Orange County's proposal of the Durham Tech lot was an acceptable, satisfactory alternative to fulfilling the requirements of the Zoning Ordinance. Thereafter, Orange County sent three letters throughout 2010 to the HBOA, outlining the remote parking facility and details of its operation. Orange County's alternative proposals included the usage of the 125 space park-and-ride lot at Durham Tech, usage of the Chapel Hill Transit Route 420 bus, use of an underutilized 94 space county lot, and requiring employees that were assigned county-owned vehicles to park personal vehicles off-site.

Based on the foregoing, acceptable remote parking facilities were presented to appellants and process documents covering the operation thereof were received. We agree with the trial court's conclusion that appellants' decision to deny approval of alternative parking for the Justice Center because it did not "adequately address the parking needs of the Justice Facility" and refusal to grant the Zoning Compliance Permit was arbitrary and capricious under these circumstances. Accordingly, we hold that the trial court did not err by remanding to appellants for approval of the 2006 site plan and ordering that a zoning compliance permit be issued to Orange County.

*II*

[2] In their second argument, appellants contend that Orange County should be estopped from challenging the validity of the Zoning Ordinance, thereby avoiding the parking condition of Site Plan Approval, because it had accepted the benefits of the conditional Site Plan Approval by commencing construction of the addition to the Justice Center.

Appellants argue that our Court's reasoning in *Goforth Properties, Inc. v. Town of Chapel Hill*, 71 N.C. App. 771, 323 S.E.2d 427 (1984) is controlling. In *Goforth*, we held that "acceptance of benefits under a statute or ordinance precludes an attack upon it." *Id.* at 773, 323 S.E.2d at 429. However, the facts in *Goforth* are distinguishable from the case before us. In *Goforth*, the plaintiff corporations paid money to the Town of Chapel Hill in order to construct a restaurant that

would have otherwise been illegal under the town's ordinances because it could not physically meet the necessary number of off-street parking spaces required under the town's ordinance. *Id.* at 774, 323 S.E.2d at 429.

However, in the instant case, we are dealing with a county and not a private corporation. Appellants do not cite any authority applicable to counties but rather only cite to authority applicable to private entities. It is well established that "[c]ounties are subdivisions of the State, established for the more convenient administration of justice and to assure a large measure of self-government. A county is not subject to an estoppel to the same extent as an individual or a private corporation." *Washington v. McLawhorn*, 237 N.C. 449, 454, 75 S.E.2d 402, 405-06 (1953). There are two instances where one can have a successful estoppel claim against a county: (1) if the county acted in a governmental capacity and estoppel is necessary to prevent loss to another; and (2) if an estoppel will not impair the exercise of the governmental powers of the county. *Id.* at 454, 75 S.E.2d at 406 (citation omitted).

We reject appellants' argument because enforcing the doctrine of estoppel on Orange County would impair Orange County's mandated government function, pursuant to N.C. Gen. Stat. § 7A-302 (2011), of providing courtrooms, office space for juvenile court counselors and support staff, and related judicial facilities for each county where a district court has been established.

### III

[3] Last, appellants argue that Orange County's own representatives conceded that their parking proposals did not meet the parking requirements under the Zoning Ordinance. However, based on our holding in issue *I* that Orange County produced competent, material, and substantial evidence supporting the issuance of zoning compliance permit, we do not reach this issue.

11-386:

*Orange County North Carolina*

*v.*

*Town of Hillsborough, Hillsborough Board of Adjustment and Margaret W. Hauth, Hillsborough Zoning Officer in her official capacity.*

**[4]** In 11-386, Orange County's sole issue on appeal is whether the trial court erred by granting summary judgment in favor of Hillsborough and denying Orange County's motion for summary judgment.

In light of our holding in 11-375, it is not necessary to reach the issues presented on appeal in 11-386.

Affirmed.

Judges ELMORE and STEPHENS concur.