IN THE MATTER OF: OFFICER J. L. MITCHELL

No. 8726SC238

(Filed 2 February 1988)

1. **Administrative Law § 4— punishment imposed by administrative agency—subsequent punishment for same offense—res judicata**

Punishment imposed on a police officer by the City of Charlotte Civil Service Board was invalid on the ground of *res judicata* because it was imposed for the same offense, residing outside the county, for which the Charlotte Police Department, through its Chain of Command Review Board, had punished him earlier.

---

In re Mitchell

---

**2. Administrative Law § 4— quasi-judicial nature of administrative decision—res judicata**

A determination made by the police department Chain of Command Review Board, following a hearing held at the instance of the Chief of Police, was clearly quasi-judicial in nature and thus *res judicata*, since the city code authorized the Chief of Police to suspend officers for up to thirty days and also to cite them before the city's Civil Service Board; required that charges against employees be stated in writing; and provided for the Chief's decision to be reviewed *de novo* by the city's Civil Service Board and for that decision to be reviewed by the superior court.

APPEAL by respondent City of Charlotte Civil Service Board from *Lewis, Robert D., Judge.* Order entered 30 October 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 30 September 1987.

In pertinent part the record indicates the following: The Charlotte City Code authorized (a) the Chief of Police to suspend for thirty days without pay any officer that violated a department rule or regulation; (b) an appeal by an officer so punished to the City's Civil Service Board; (c) the Civil Service Board in hearing the matter *de novo* to impose such punishment as it deemed "just and proper" up to dismissal or suspension without pay for ninety days. In August, 1981 the Charlotte Police Department adopted a procedure for processing misconduct or rule violation charges against officers. The procedure provided for an initial hearing before a department agency known as the Chain of Command Review Board, authorized charged officers to obtain a *de novo* determination by the Civil Service Board and permitted the Chief of Police to simultaneously cite an officer to both the Chain of Command Review Board and the Civil Service Board. Rules of Conduct adopted at the same time included a Class B rule requiring employees to reside within Mecklenburg County; the first violation of which was punishable by a two-day suspension from duty, the second by a five day suspension, and the third was treatable as a more serious Class A offense. Unbeknownst to Police Chief Vines, two months earlier the City Council had adopted a policy that subjected employees to possible dismissal if they resided outside of Mecklenburg County after being employed for six months.

J. L. Mitchell, an officer with the Charlotte Police Department since 15 September 1982, resided with his mother in neighboring Cabarrus County for approximately six weeks ending on 1

July 1984. On 10 July 1984 Chief of Police Vines charged Mitchell with violating the residency rule and two other rules that no longer concern us. On 11 July 1984 the charges were heard and upheld by the Police Department's Chain of Command Review Board, which recommended that Mitchell be suspended from duty without pay for fifteen days. The recommendation was accepted by Chief Vines, who notified the City's Civil Service Board of the punishment imposed. Mitchell did not appeal to the Civil Service Board and under the provisions of the Charlotte City Code the decision became final fifteen days later. On 6 November 1984 Police Chief Vines, having learned of the more stringent City policy against employees residing outside the county, "updated" the police department's Rules of Conduct and notified all department personnel that punishment for violating the residency code had been changed and that "any employee found in violation . . . will be subject to immediate termination." On 19 November 1984 Chief Vines cited Mitchell to the City's Civil Service Board for the same residency violation that the police department, through its Chain of Command Review Board, heard and decided the preceding July. The Civil Service Board, after denying Mitchell's motion to dismiss the proceeding, upheld the charge and suspended him from duty without pay for ninety days. Pursuant to Mitchell's appeal to the Superior Court, the decision was vacated and the Charlotte Civil Service Board appealed.

*Haywood, Menser & Yurko, by Lyle J. Yurko, and Merryman, Dickinson, Ledford & Rawls, by Eben T. Rawls, III, for petitioner appellee.*

*Senior Assistant City Attorney F. Douglas Canty for respondent appellant City of Charlotte Civil Service Board.*

PHILLIPS, Judge.

**[1, 2]** The punishment imposed on Officer Mitchell by the City of Charlotte Civil Service Board is invalid on the grounds of *res judicata* because it was imposed for the same offense that the Charlotte Police Department, through its Chain of Command Review Board, punished him for earlier. In our jurisprudence it is axiomatic that no one ought to be twice vexed for the same cause. Comment, *Res Judicata in Administrative Law,* 49 Yale L.J. 1250 (1940). This fundamental principle of law applies to administrative decisions. *Maines v. City of Greensboro,* 300 N.C. 126, 265 S.E. 2d

155 (1980). Whether an administrative decision is *res judicata* depends upon its nature; decisions that are "judicial" or "quasi-judicial" can have that effect, decisions that are simply "administrative" or "legislative" do not. 2 Am. Jur. 2d *Administrative Law* Sec. 497 (1962). Though the distinction between a "quasi-judicial" determination and a purely "administrative" decision is not precisely defined, the courts have consistently found decisions to be quasi-judicial when the administrative body adequately notifies and hears before sanctioning, and when it adequately provides under legislative authority for the proceeding's finality and review. *See, Russ v. Board of Education of Brunswick County,* 232 N.C. 128, 59 S.E. 2d 589 (1950); 2 Am. Jur. 2d *Administrative Law* Sec. 498 (1962). Here, the Charlotte City Code (1) authorized the Chief of Police to suspend officers for up to thirty days and to also cite them before the City's Civil Service Board; (2) required that charges against employees be stated in writing; (3) provided for the Chief's decision to be reviewed *de novo* by the City's Civil Service Board and for that decision to be reviewed by the Superior Court. Thus, the determination made by the Department Chain of Command Review Board, following the hearing held at the instance of the Chief of Police, was clearly quasi-judicial in nature, and since neither the officer nor the Chief pursued the matter further, as each had a right to do, the proceeding was final and the attempt eight months later to punish Mitchell a second time for the same offense was invalid. Under the circumstances, the extensive and intricate arguments of the parties concerning constitutional due process need not be discussed.

Affirmed.

Judges COZORT and GREENE concur.