**HILLSBORO PARTNERS, LLC v. CITY OF FAYETTEVILLE**

[226 N.C. App. 30 (2013)]

HILLSBORO PARTNERS, LLC, Plaintiff
v.
THE CITY OF FAYETTEVILLE, Defendant

No. COA12-987

Filed 19 March 2013

1. **Civil Procedure—motion to dismiss converted into motion for summary judgment—collaterally estopped from contesting claim**

    Defendant's motion to dismiss in a condemnation case was converted into a motion for summary judgment. The fact that defendant argued plaintiff was collaterally estopped from contesting the claim related to plaintiff's ability to state a claim, rather than a jurisdictional issue, and it was properly analyzed under N.C.G.S. § 1A-1, Rule 12(b)(6) rather than N.C.G.S. § 1A-1, Rules 12(b)(1) or (2).

2. **Appeal and Error—interlocutory orders and appeals—denial of summary judgment—collateral estoppel—substantial right**

    The trial court's order denying defendant's motion for summary judgment in a condemnation case on the ground of collateral estoppel affected a substantial right and was properly before the Court of Appeals.

3. **Cities and Towns—condemnation—collateral estoppel—failure to appeal initial proceeding—just compensation not required for danger to public health or safety—reasonable notice**

    The trial court erred by denying defendant City's motion to dismiss plaintiff's complaint because plaintiff was collaterally estopped from claiming that its building was safe and structurally sound given its failure to appeal the initial condemnation proceedings. Therefore, plaintiff could not state a claim for just compensation because a subsidiary municipal corporation of the State may order the demolition of property it deems a danger to public health or safety without compensating the property owner after reasonable notice, due process, and an opportunity to remedy the danger.

    Appeal by defendant from order entered 7 May 2012 by Judge James F. Ammons, Jr. in Superior Court, Cumberland County. Heard in the Court of Appeals 10 January 2013.

    *J. Duane Gilliam, Jr. and Coy E. Brewer, Jr., for plaintiff-appellee.*

*Poyner Spruill LLP by Keith H. Johnson and Andrew H. Erteschik
and Office of the Fayetteville City Attorney by Assistant City
Attorney Brian M. Meyer, for defendant-appellant.*

STROUD, Judge.

The City of Fayetteville ("defendant") appeals from an order entered 7 May 2012 denying its motion to dismiss the complaint filed by Hillsboro Partners, LLC ("plaintiff") on the grounds that the trial court lacked jurisdiction, that the claim was barred by collateral estoppel, and that defendant was immune from suit under sovereign immunity. On appeal, defendant argues only that the trial court erred in denying its motion because plaintiff was collaterally estopped from claiming that its building was safe and structurally sound, given its failure to appeal the initial condemnation proceedings. For the following reasons, we agree and reverse the trial court's order denying defendant's motion to dismiss.

## I. Background

Plaintiff purchased a 2.1 acre lot on Hillsboro Street in Fayetteville, North Carolina, on 21 May, 2010. On that lot were several buildings, including a former church building that had been damaged in a fire. On 16 July 2010, Bart Swanson, manager of the Housing and Code Enforcement Division of the City of Fayetteville sent plaintiff a letter alerting it that an inspection found the former church building to be unsafe. On 28 July 2010, Mr. Swanson held a hearing, which plaintiff did not attend, where he found that plaintiff's building posed a "fire, health and safety hazard," and ordered plaintiff to repair or demolish the structure.

On 11 October 2010, the City of Fayetteville passed an ordinance requiring the demolition of plaintiff's building after adopting Mr. Swanson's findings and determining that plaintiff had failed to comply with the order. After the ordinance passed, plaintiff sought a permit to demolish its building and funding from the City to do so.

Plaintiff has alleged that during the asbestos inspections in preparation for demolition, its inspectors found that the fire damage to the former church structure was more superficial than previously thought. Plaintiff alleged that it provided the reports of these inspectors to defendant. Although plaintiff did not state when these reports were provided, the reports were not even provided to plaintiff until 5 February 2011 and 16 February 2011, nearly seven months after the hearing and four months after the demolition ordinance. Defendant proceeded with the demolition despite plaintiff's claims that the structure was in fact safe.

On 3 March 2011, plaintiff filed its first complaint, alleging that defendant had violated its rights to equal protection and due process, that defendant had taken its property without just compensation, and that defendant had acted under the wrong statutory authority. Plaintiff requested a temporary restraining order as well as temporary and permanent injunctions. The Superior Court, Cumberland County, denied plaintiff's motion for a temporary restraining order and temporary injunction. Defendant then moved to dismiss the complaint for lack of subject matter jurisdiction under N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), arguing that the Superior Court lacked jurisdiction because plaintiff had failed to exhaust its administrative remedies. The Superior Court granted defendant's motion by order entered 5 April 2011.

Plaintiff filed its second complaint, the subject of the present appeal, on 15 November 2011, alleging only that it was entitled to just compensation for the building defendant ordered demolished.[1] Defendant answered, denying any taking requiring compensation, asserted several affirmative defenses, and moved to dismiss the complaint on the grounds of lack of jurisdiction for failure to exhaust administrative remedies, sovereign immunity, and failure to state a claim. Defendant argued that plaintiff failed to state a claim because of governmental immunity, *res judicata*, and collateral estoppel. The Superior Court held a hearing and denied defendant's motion to dismiss by order entered 7 May 2012. Defendant filed written notice of appeal to this Court on 15 May 2012.

## II.  Motion to Dismiss

[1] As an initial matter, we must address the question of whether defendant's motion to dismiss was converted into a motion for summary judgment. We note that the motion filed by defendant was entitled a "motion to dismiss" and the trial court's order denying defendant's motion also labeled it as such. The motion to dismiss was brought pursuant to Rules 12(b)(1), (2), and (6) of the North Carolina Rules of Civil Procedure.

As discussed in detail below, the ground underlying defendant's motion upon which we focus our analysis is collateral estoppel. Because in this case the fact that defendant argues plaintiff is collaterally estopped from contesting relates to plaintiff's ability to state a claim, rather than a jurisdictional issue, it is properly analyzed under Rule 12(b)(6) rather than Rules 12(b)(1) or (2).

As a general proposition, a trial court's consideration of a motion brought under Rule 12(b)(6) is limited to examining the legal sufficiency

---

1. Plaintiff did not re-allege any of the other claims alleged in its original complaint.

of the allegations contained within the four corners of the complaint. *Newberne v. Department of Crime Control and Public Safety*, 359 N.C. 782, 784, 618 S.E.2d 201, 203 (2005). Here, although the record is unclear, it appears that the trial court received and considered documents at the hearing on the motion to dismiss that had not been incorporated into the complaint or answer. Specifically, the parties submitted all of the pleadings and evidence from the first lawsuit, including the relevant documents regarding the Town's administrative decision and testimony taken at the hearing on defendant's motion to dismiss in the earlier action.

Both parties cited to these documents in their briefs to this Court. Moreover, neither party has asserted that the exhibits filed with this Court were not considered by the trial court or challenged the propriety of the trial court's review of these documents. Nor have any of the parties challenged the inclusion of these materials in the record on appeal.

Rule 12(b) of the North Carolina Rules of Civil Procedure states in pertinent part as follows:

> If, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

N.C. Gen. Stat. § 1A-1, Rule 12(b) (2011); *see also DeArmon v. B. Mears Corp.*, 312 N.C. 749, 758, 325 S.E.2d 223, 229 (1985) ("Where matters outside the pleadings are presented to and not excluded by the [trial] court on a motion to dismiss for failure to state a claim, the motion shall be treated as one for summary judgment under Rule 56."); *N.C. Steel, Inc. v. National Council on Compensation Ins.*, 123 N.C. App. 163, 169, 472 S.E.2d 578, 581 (1996) ("When a trial court considers matters outside the pleadings, a motion under Rule 12 is *automatically* converted into a motion for summary judgment." (emphasis added) (citations omitted)), *rev'd in part on other grounds*, 347 N.C. 627, 496 S.E.2d 369 (1998).

In the present case, neither party claims that it did not have a reasonable opportunity to present evidence or was surprised by the introduction of this material. *Cf. Kemp v. Spivey*, 166 N.C. App. 456, 462, 602 S.E.2d 686, 690 (2004) (reversing and remanding an appeal from an order granting a motion to dismiss where the trial court considered matters

outside the pleadings, but the parties were not accorded a reasonable opportunity to present all pertinent material). Therefore, we conclude that defendant's motion to dismiss was converted into a motion for summary judgment.

### III. Interlocutory Order

[2] An order denying a motion for summary judgment is an interlocutory order. *DeArmon*, 312 N.C. at 758, 325 S.E.2d at 230.

> Interlocutory orders are those made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy. As a general rule, interlocutory orders are not immediately appealable. However, immediate appeal of interlocutory orders and judgments is available in at least two instances: when the trial court certifies, pursuant to N.C.G.S. § 1A-1, Rule 54(b), that there is no just reason for delay of the appeal; and when the interlocutory order affects a substantial right under N.C.G.S. §§ 1-277(a) and 7A-27 (d)(1).

*Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009) (citations, quotation marks, and ellipses omitted).

Defendant has raised the defense of collateral estoppel before the trial court and on appeal. Our Supreme Court has recognized that an order which denies dismissal of a claim in this situation may affect a substantial right.

> Defendant's argument in favor of appealability is that the denial of a motion to dismiss a claim for relief affects a substantial right when the motion to dismiss makes a colorable assertion that the claim is barred under the doctrine of collateral estoppel. We agree. Under the collateral estoppel doctrine, parties and parties in privity with them are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination. The doctrine is designed to prevent repetitious lawsuits, and parties have a substantial right to avoid litigating issues that have already been determined by a final judgment. We therefore hold that a substantial right was affected by the trial court's denial of defendant's motion to dismiss, and we proceed to the merits of defendant's appeal.

*Id.*

Here, defendant's motion raised a colorable claim of collateral estoppel, as this is plaintiff's second lawsuit against defendant arising from the demolition of the building. Accordingly, we hold that the trial court's order denying defendant's motion for summary judgment on the ground of collateral estoppel affects a substantial right and is properly before this Court. *Id.*

## IV. Motion for Summary Judgment

### A. Standard of Review

> The trial court must grant summary judgment upon a party's motion when "there is no genuine issue as to any material fact and ... any party is entitled to a judgment as a matter of law." N.C. Gen.Stat. § 1A-1, Rule 56 (2005). On appeal, an order granting summary judgment is reviewed *de novo*. Summary judgment is appropriate if: (1) the non-moving party does not have a factual basis for each essential element of its claim; (2) the facts are not disputed and only a question of law remains; or (3) if the non-moving party is unable to overcome an affirmative defense offered by the moving party.

*Griffith v. Glen Wood Co., Inc.*, 184 N.C. App. 206, 210, 646 S.E.2d 550, 554 (2007) (citations and footnote omitted).

### B. Collateral Estoppel

**[3]** Defendant argues that plaintiff is estopped from claiming that its building was not a danger to public health and safety because it failed to appeal a quasi-judicial determination of that issue. Thus, defendant claims that the trial court erred in denying its motion because plaintiff "is unable to overcome" the affirmative defense of estoppel.

> Under the doctrine of collateral estoppel, also known as 'estoppel by judgment' or 'issue preclusion,' the determination of an issue in a prior judicial or administrative proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding. Collateral estoppel bars the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim.

*Strates Shows, Inc. v. Amusements of America, Inc.*, 184 N.C. App. 455, 461, 646 S.E.2d 418, 423 (2007). "[C]ollateral estoppel (issue preclusion) is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally." *McCallum v. North Carolina Co-op. Extension Service of N.C. State University*, 142 N.C. App. 48, 51, 542 S.E.2d 227, 231 (citation and quotation marks omitted), *app. dismissed and disc. rev. denied*, 353 N.C. 452, 548 S.E.2d 527 (2001).

The doctrine of collateral estoppel generally applies to administrative decisions. *See Maines v. City of Greensboro*, 300 N.C. 126, 133, 265 S.E.2d 155, 160 (1980) ("[A]n essential issue of fact which has been litigated and determined by an administrative decision is conclusive between the parties in a subsequent action."). Whether the administrative decision is binding in subsequent actions depends on whether it was purely administrative, to which collateral estoppel does not apply, or quasi-judicial, to which it does. *See In re Mitchell*, 88 N.C. App. 602, 605, 364 S.E.2d 177, 179 (1988) (holding that *res judicata* applies only to quasi-judicial administrative decisions). "Though the distinction between a 'quasi-judicial' determination and a purely 'administrative' decision is not precisely defined, the courts have consistently found decisions to be quasi-judicial when the administrative body adequately notifies and hears before sanctioning, and when it adequately provides under legislative authority for the proceeding's finality and review." *Id.* (citations omitted). Thus, we must first determine whether the administrative decision at issue here is quasi-judicial.

On 11 August 2008, plaintiff's structure was condemned as a dangerous building under N.C. Gen. Stat. § 160A-426(a) and notice was posted on the building as required by law. Defendant sent a letter to plaintiff on 16 July 2010 notifying plaintiff that its building had been condemned after an inspection "revealed that [plaintiff's] structure is in a condition that appears to constitute a fire or safety hazard or to be dangerous to life, health or other property." The 16 July letter also notified plaintiff of the hearing date and its opportunity to present arguments and evidence either in person or through counsel, and its right to appeal to the Fayetteville Board of Appeals. The letter also indicated that absent an appeal, "this order shall be final." Plaintiff does not dispute that it received this notice.

The city's Housing and Code Enforcement Division Manager held a hearing on 28 July 2010; no representative of plaintiff attended the hearing. Defendant then sent plaintiff a second letter on 30 July 2010, ordering it to demolish or repair the condemned structure within 60 days after

Mr. Swanson found that the building suffered from a variety of structural defects, and again notifying it of its right to appeal. Plaintiff did not appeal. The city ordered plaintiff's building demolished by ordinance adopted on 11 October, after plaintiff failed to repair or demolish the building within that 60-day period, as authorized by N.C. Gen. Stat. § 160A-432 (2009) ("In the case of a building or structure declared unsafe under G.S. 160A-426 or an ordinance adopted pursuant to G.S. 160A-426, a city may, in lieu of taking action under subsection (a) [abating the violation by other means], cause the building or structure to be removed or demolished."). Thus, Plaintiff had proper notice and a hearing before demolition.

The City of Fayetteville also provided for the proceeding's finality and review under legislative authority. N.C. Gen. Stat. § 160A-430 unambiguously permits the appeal of a condemnation order under N.C. Gen. Stat. § 160A-429 to the city council and states that if the owner fails to appeal, the order is final. *See* N.C. Gen. Stat. § 160A-430 (2009) ("Any owner who has received an order under G.S. 160A-429 may appeal from the order to the city council by giving notice of appeal in writing to the inspector and to the city clerk within 10 days following issuance of the order. In the absence of an appeal, the order of the inspector shall be final."). The notices sent to plaintiff informed it of the opportunity to appeal and the finality of the order absent appeal, pursuant to this statutory authority. The hearing on the condemnation of plaintiff's building met both requirements of a quasi-judicial determination and collateral estoppel, therefore, applies to the findings of that hearing.

Having determined that the hearing was quasi-judicial, we must now decide whether plaintiff is estopped from claiming that its building was not a danger to public health and safety.

> The elements of collateral estoppel are as follows: (1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined.

*Royster v. McNamara,* ___ N.C. App. at ___, 723 S.E.2d at 126.

First, the prior administrative order was final as to the issues involved after a hearing on the merits. Although plaintiff did not participate in the hearing, the hearing proceeded to decide the substantive issues without plaintiff's input. Plaintiff did not appeal from the hearing that determined its building was a danger to health and safety. The order

was, therefore, final. N.C. Gen. Stat. § 160A-430 ("In the absence of an appeal, the order of the inspector shall be final.").

Second, the issue of whether plaintiff's structure was a fire, health, and safety hazard at the time of the city's demolition order raised in the present action is identical to that decided in the prior administrative determination. The hearing specifically "established that conditions do exist which constitute a fire, health and safety hazard and renders the building dangerous to life, health and other property." The issue in the present case is whether plaintiff's building posed a threat to public health or safety at the time of demolition.

Plaintiff argues that it only discovered that defendant's conclusions regarding its building were wrong after starting the demolition process, that defendant failed to consider new evidence it wanted to present, and that therefore there was a "mutual mistake" rendering collateral estoppel inapplicable. Plaintiff cites no case which recognizes a mutual mistake exception to collateral estoppel. We find this argument unconvincing.

Plaintiff did not independently inspect or otherwise verify that defendant's claims were accurate prior to the hearing. Even taking plaintiff's claims as true, plaintiff cannot now use its own failure to adequately inspect its own property prior to the hearing to avoid the administrative process put in place by the North Carolina legislature and the City of Fayetteville. This case is not one where the situation has changed in such a way as to render the facts at issue in the prior determination inapplicable. *Cf. Montana v. United States*, 440 U.S. 147, 159, 59 L.Ed. 2d 210, 220 (1979) ("It is, of course, true that changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues." (citation omitted)). Plaintiff claims only that it did not know the physical state of the building at the time of the hearing, not that the state of the building had actually changed between the time of the hearing and the demolition order.[2] Thus, the facts at issue in the prior determination are identical to those in question here.

Third, the issue of the safety of plaintiff's building was actually litigated in the prior hearing. Indeed, it was the central issue in that hearing. Further, it was necessary to Mr. Swanson's "judgment" because the

---

2. We also note that although plaintiff claims that it "had done everything that could have been done after discovering the real facts," there was no evidence that plaintiff had begun repairing the structure, which was also an option under the July order. Instead, plaintiff waited until the demolition process had already started before raising any objections.

inspector can only order a building demolished or repaired under N.C. Gen. Stat. § 160A-429 if he finds at the hearing that "the building or structure is in a condition that constitutes a fire or safety hazard or renders it dangerous to life, health, or other property." N.C. Gen. Stat. § 160A-429 (2009).

Moreover, plaintiff "enjoyed a full and fair opportunity to litigate that issue in" the earlier proceeding. *Royster*, ___ N.C. App. at ___, 723 S.E.2d at 126 (citation and quotation marks omitted). Plaintiff could have presented evidence, been represented by counsel, and appealed if dissatisfied with the result. The fact that plaintiff failed to avail itself of the opportunity does not change our conclusion. We conclude that plaintiff had a full and fair opportunity to litigate this issue, that the issue of the building's safety was actually litigated in the administrative hearing, and that the issue was necessary to Mr. Swanson's conclusion that the building must be demolished or repaired.

Finally, Mr. Swanson specifically found that the building was "a fire, health and safety hazard" because of various defects, including:

> Ceiling and ceiling joists, Elect wall outlets/ceilings lights/switches/fuse box, Floor framing and flooring need repair, Interior and exterior doors and frames need repair, Interior and exterior walls need repair, Roof rafters and sheathing need repair, Window frames and window sashes need repair, Window panes need repair.

Thus, this issue was actually determined in the hearing.

The issue of whether plaintiff's building posed a danger to public health and safety meets all four elements of collateral estoppel. There was a final decision on the merits, the current issue of the safety of plaintiff's building is the same issue as that in the prior proceeding, the issue was actually and necessarily litigated in the prior proceeding, and the issue was actually determined in that proceeding. Accordingly, we hold that plaintiff is collaterally estopped from claiming that its building was not a fire, health, and safety hazard.

C. Plaintiff's Taking Claim

Collateral estoppel precludes a party from contesting a previously decided factual issue. *State v. Summers*, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) ("When a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment

or decree stands unreversed." (citation, quotation marks, and brackets omitted)). As we held above, plaintiff is estopped from claiming that its building was not a fire, health, and safety hazard at the time of the demolition order. Thus, in deciding whether summary judgment was properly denied, we must consider whether plaintiff can state a claim for just compensation without that assertion. *See Griffith*, 184 N.C. App. at 210, 646 S.E.2d at 554 (stating that summary judgment must be granted where "the non-moving party does not have a factual basis for each essential element of its claim."); *In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litigation*, 763 F.Supp.2d 423, 547 (S.D.N.Y. 2011) (concluding that the plaintiffs failed to state a claim once the allegations precluded by collateral estoppel were omitted from the complaint).

Plaintiff filed suit demanding just compensation for a governmental taking of its property under the Due Process Clause of the 14th Amendment and the Law of the Land Clause in Article 1, § 19, of the North Carolina Constitution.

> The Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides, *inter alia*, "private property [shall not] be taken for public use without just compensation". *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897). Similarly, the "law of the land" clause in Article I, § 19 of the North Carolina Constitution has been interpreted by our Supreme Court as providing a fundamental right to just compensation for the taking of private property for a public purpose

*Eastern Appraisal Services, Inc. v. State*, 118 N.C. App. 692, 695, 457 S.E.2d 312, 313, *disc. rev. denied*, 341 N.C. 648, 462 S.E.2d 509 (1995).

No compensation is required, however, if the property taken is a nuisance threatening public health or safety, as that action is within the proper exercise of the State's police power. *Barnes v. North Carolina State Highway Commission*, 257 N.C. 507, 514, 126 S.E.2d 732, 738 (1962) ("If the act is a proper exercise of the police power, the constitutional provision that private property shall not be taken for public use, unless compensation is made, is not applicable." (citation and quotation marks omitted)); *Horton v. Gulledge*, 277 N.C. 353, 362, 177 S.E.2d 885, 891 (1970) ("[T]he police power of the State, which it may delegate to its municipal corporation, extends to the prohibition of a use of private property which may reasonably be deemed to threaten the public

health, safety, or morals or the general welfare and that, when necessary to safeguard such public interest, it may be exercised, without payment of compensation to the owner, even though the property is thereby rendered substantially worthless." (citation omitted)), *overruled on other grounds, State v. Jones*, 305 N.C. 520, 290 S.E.2d 675 (1982); *see Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1030, 120 L.Ed. 2d 798, 821-22 (1992) ("The use of these properties for what are now expressly prohibited purposes was always unlawful, and (subject to other constitutional limitations) it was open to the State at any point to make the implication of those background principles of nuisance and property law explicit.").

Thus, plaintiff cannot maintain a claim for just compensation if its building posed a fire or safety hazard to the public when destroyed, consistent with long-established background principles of public nuisance. *See Lucas*, 505 U.S. at 1029, 120 L.Ed. 2d at 821 n.16 (noting that the State's power to abate a public nuisance "absolv[es] the State (or private parties) of liability for the destruction of 'real and personal property, in cases of actual necessity, to prevent the spreading of a fire' or to forestall other grave threats to the lives and property of others. *Bowditch v. Boston*, 101 U.S. 16, 18–19, 25 L.Ed. 980 (1880); *see United States v. Pacific R., Co.*, 120 U.S. 227, 238–239, 7 S.Ct. 490, 495–496, 30 L.Ed. 634 (1887).").

Moreover, unlike in *Horton*, where our Supreme Court reversed a demolition order, plaintiff does not claim that it was not given fair notice and a reasonable opportunity to correct the dangerous conditions before the City Council passed the demolition ordinance on 11 October 2010. *See Horton*, 277 N.C. at 363, 177 S.E.2d at 892 ("We do not have before us the question of the authority of the city to destroy this property, without paying the owner compensation therefor, in the event that the owner does not, within a reasonable time allowed him by the city for that purpose, repair the house so as to make it comply with the requirements of the Housing Code."). Here, plaintiff failed to remedy the dangers posed by its building (or even to perform an adequate inspection of the building to discover if the building was actually not dangerous) in the 60 days allotted by the city's final order after being given notice several times and an opportunity to be heard.

Therefore, we hold that the trial court erred in denying defendant's motion for summary judgment. We reverse the order denying defendant's motion and remand to the trial court. We instruct the trial court to enter an order granting defendant's motion for summary judgment and dismissing plaintiff's claims.

**IN RE APPEAL OF BLUE RIDGE HOUS. OF BAKERSVILLE, LLC**

[226 N.C. App. 42 (2013)]

## V. Conclusion

In conclusion, plaintiff is estopped from claiming that its building is not a danger to public safety because it failed to appeal from the inspector's quasi-judicial determination that the building posed such a danger, making that determination final. Plaintiff, therefore, cannot state a claim for just compensation because a subsidiary municipal corporation of the State may order the demolition of property it deems a danger to public health or safety without compensating the property owner after reasonable notice, due process, and an opportunity to remedy the danger. The trial court should have granted defendant's motion for summary judgment. Therefore, we reverse its contrary order and remand to the trial court with instructions to enter an order granting defendant's motion for summary judgment.

REVERSED and REMANDED.

Judges HUNTER, JR., Robert N. and DAVIS concur.